UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

      Plaintiff,

vs.                                       Case No. _____

HEATHER CLEM; GAWKER MEDIA,
LLC aka GAWKER MEDIA; GAWKER
MEDIA GROUP, INC. aka GAWKER
MEDIA; GAWKER ENTERTAINMET,
LLC; GAWKER TECHNOLOGY, LLC;
GAWKER SALES, LLC; NICK DENTON;
A.J. DAULERIO; KATE BENNERT AND
BLOGWIRE HUNGARY SZELLEMI
ALKOTAST HASZNOSITO KFT,

      Defendants.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. §§ 1331, 1332(a)(1), 1338 and 1367, Defendant Gawker Media, LLC ("Gawker") hereby files this Notice of Removal of the above-captioned case from the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, in which it is now pending, to the United States District Court for the Middle District of Florida, Tampa Division, and in support thereof, avers as follows:

### INTRODUCTION

1. Having aggressively litigated two separate actions in two separate courts against two sets of defendants for more than two months, plaintiff has, following a series of unfavorable rulings, dismissed his prior case in this Court and fraudulently misjoined various Gawker defendants in an ongoing state court action arising out of distinct conduct separated by six years.

1

Because the law governing removal does not permit such a blatant attempt at shopping for a forum and a judge plaintiff finds more favorable, and because he alleges federal questions in any event, removal to this Court is proper.

## BACKGROUND

2. This action was commenced by plaintiff Terry Bollea (the wrestler known as "Hulk Hogan") on October 15, 2012 by the filing of a complaint (the "State Complaint") in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida against Heather Clem and Bubba the Love Sponge Clem aka Todd Alan Clem. The State Complaint asserted claims that arose out of the videotaping of a sexual encounter between plaintiff and Mrs. Clem (the "Video") that occurred roughly six years ago. *See* Ex. A (a true and correct copy of the initial State Complaint).

3. Defendant Gawker, which is presently seeking removal, did not become a party to this action until December 28, 2012, when plaintiff filed an amended complaint ("Amended State Complaint" or "Am. State Compl."), dropping Mr. Clem as a defendant and adding Gawker, along with defendants Gawker Media Group, Inc., Gawker Entertainment, LLC, Gawker Technology, LLC, Gawker Sales, LLC, Nick Denton, A.J. Daulerio, Kate Bennert, and Blogwire Hungary Szellemi Alkotast Hasznosito KFT (collectively, the "Gawker Defendants"). *See* Ex. B (a true and correct copy of the Amended State Complaint). The claims asserted against the Gawker Defendants in the Amended State Complaint arise exclusively out of the October 2012 publication of a story on the Gawker Internet website, www.gawker.com (the "Gawker Story") commenting on, and including brief Excerpts from, the Video. *See id.*

4. Although Gawker has not otherwise been served with process in the State Court Action, it consents, effective today, January 2, 2013, through its undersigned counsel, to service

of the Amended State Complaint (including so that it can invoke this Court's removal jurisdiction before plaintiff files additional successive motions for injunctive relief against them in state court).[1] Accordingly, this Notice is timely, having been filed within thirty days of Gawker's receipt of the Amended State Complaint, the first pleading in which Gawker is named as a defendant. *See* 28 U.S.C. § 1446(b).

5. Copies of all process, pleadings and orders that have been received by Gawker in this action are attached hereto pursuant to 28 U.S.C. § 1446(a). *See* Am. State Compl. (Ex. B).[2] Pursuant to this Court's ECF procedures, any additional materials from the State Court Action will subsequently be filed in this action electronically. *See* M.D. Fla. CM/ECF Administrative Procedures at 4, ¶ II.A.2.b.

6. As indicated above, this is plaintiff's second action against the Gawker Defendants arising out of the same alleged conduct. On October 15, 2012 (the same day this action was commenced against the Clems), plaintiff filed an action styled, *Bollea v. Gawker Media, LLC, et al.*, Case No.: 8:12-cv-02348-JDW-TBM (M.D. Fla.) (the "Prior Gawker Action"), by filing a complaint (the "Federal Complaint") in this Court, asserting claims for intrusion upon seclusion, invasion of privacy, violation of the right of publicity, intentional infliction of emotional distress and negligent infliction of emotional distress, all based on the *publication* of the Gawker Story and, in particular, the Excerpts. *See* Ex. C (a true and correct copy of the Federal Complaint).

---

[1] As of this filing, none of the other Gawker Defendants has been served with the Amended State Complaint.

[2] Having recently reviewed the state court docket, we believe that the only additional filing in the state court action, not otherwise referenced herein, is the motion to dismiss filed by Mrs. Clem, which we attach hereto as Exhibit H in accordance with Local Rule 4.02.

7. On November 8, 2012, plaintiff filed a First Amended Complaint in the Prior Gawker Action (the "Amended Federal Complaint"), adding a claim for copyright infringement, but otherwise asserting the same causes of action as asserted in the original Federal Complaint. *See* Ex. D (a true and correct copy of the Amended Federal Complaint).

8. On December 28, 2012, the same day plaintiff filed his Amended State Complaint, plaintiff filed in this Court a notice of voluntary dismissal of the Prior Gawker Action. *See* Ex. E (a true and correct copy of plaintiff's notice of voluntary dismissal).

9. At the time plaintiff filed his notice of voluntary dismissal in the Prior Gawker Action, this Court had already denied: (a) plaintiff's application for a Temporary Restraining Order, (b) plaintiff's motion for a preliminary injunction, (c) plaintiff's motion for an injunction pending appeal, and (d) plaintiff's second motion for a preliminary injunction to enjoin copyright infringement. *See* Ex. F (a true and correct copy of this Court's docket in the Prior Gawker Action).

10. The Defendants in the Prior Gawker Action (save for Blogwire Hungary Szellemi Alkotast Hasznosito KFT, which was never served) had also filed a Motion to Dismiss the Amended Federal Complaint for Failure to State a Claim and for Lack of Personal Jurisdiction over certain of the Gawker Defendants. *See* Ex. F. At the time of plaintiff's dismissal, that motion had been fully briefed and was pending before this Court. *Id.*

11. Plaintiff also noticed an appeal to the United States Court of Appeals for the Eleventh Circuit of the denial of his [first] Motion for Preliminary Injunction, and then filed a motion for injunction pending appeal in that court, which it treated as an emergency motion and ordered briefed on an expedited schedule (directing appellees to respond within two business days). *See* Ex. G (true and correct copy of the Eleventh Circuit docket in the Prior Gawker

Action). At the time plaintiff dismissed the Prior Gawker Action, rendering his appeal moot, that motion had been fully briefed and was pending before the Court of Appeals. *Id.*

12. Plaintiff's attempt to avoid this Court's jurisdiction, in an obvious attempt to find a more favorable forum for his claims against the Gawker Defendants, contravenes the letter and the spirit of the jurisdictional and removal provisions of federal law. As the Eleventh Circuit has explained: "The removal process was created by Congress to protect defendants. Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (citation omitted).

13. A review of the Amended State Complaint makes clear that plaintiff has fraudulently joined the Gawker Defendants (none of whom is a citizen of Florida) to his action against Mrs. Clem (who is a citizen of Florida) for the sole purpose of defeating diversity. However, plaintiff does not, and cannot, allege that his claims against the Gawker Defendants arise out of the same transaction or occurrence as the claims against Mrs. Clem, which arise from distinct conduct that occurred six years earlier, or that the Gawker Defendants and Mrs. Clem acted jointly in any of the conduct challenged in his Amended State Complaint. Accordingly, this Court has diversity jurisdiction over plaintiff's claims against the Gawker Defendants, as it did over the claims originally asserted against them in the Prior Gawker Action, and as plaintiff had affirmatively alleged in both his prior federal complaints.

14. Alternatively, this Court has federal question and supplemental jurisdiction over plaintiff's claims, as he (a) expressly asserts privacy claims arising under the United States Constitution, and (b) seeks transfer of ownership in the Video, which is exclusively governed by the federal Copyright Act, *see* 17 U.S.C. § 301, itself enacted pursuant to the Copyright Clause of the U.S. Constitution.

## PLAINTIFF'S CLAIMS

15. Plaintiff is a professional wrestler, actor and television personality popularly known as "Hulk Hogan." Am. State Compl. ¶ 25.

16. Plaintiff alleges that "in or about 2006," defendant Mrs. Clem caused a sexual encounter between plaintiff and herself that occurred in her "private bedroom" to be "secretly videotaped." Am. State Compl. ¶¶ 1-2, 5, 26, 38. Based on that allegation, plaintiff asserts certain causes of action against Mrs. Clem. *See* Am. State Compl. Counts I-II, VI-VIII.[3]

17. Plaintiff also alleges that in October of 2012, *roughly six years after Mrs. Clem allegedly caused the Video to be made*, the Gawker Defendants posted the Gawker Story on the Gawker website, which included brief Excerpts from, and commentary on, the Video. Am. State Compl. ¶¶ 1, 27, 28, 57.

18. Based on that allegation, plaintiff asserts claims against the Gawker Defendants for publication of private facts, intrusion upon seclusion, violation of the right of publicity, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of Florida's wire-tapping statute (Fla. Stat. § 934.10), all but one of which was asserted in the Prior Gawker Action. Am. State Compl. Counts III-VIII.

19. Plaintiff's purported cause of action against the Gawker Defendants for intrusion upon seclusion is expressly based on his alleged "protected rights of privacy as recognized under the United States Constitution," as well as state law. Am. State Compl. ¶ 67; *see also id.* ¶ 6 (asserting that defendants' conduct "violate[d] [p]laintiff's constitutional and common law privacy rights").

---

[3] In the Prior Gawker Action, plaintiff purported to acquire a copyright in the Video from *Mr. Clem*, contending that *he* was its creator and therefore capable of assigning his copyright in the Video. *See* Prior Gawker Action, Dkt. 60 at 6; Dkt. 60-1 (Harder Decl.) ¶ 2 and Exs. A, C.

20. In plaintiff's Prayer for Relief, he seeks an order "transferring to Plaintiff all of Defendants' rights, title and interest in and to the secretly-recorded video and audio footage depicting plaintiff's sexual encounter with Clem," Am. State Compl., Prayer For Relief ¶ 3, which, as plaintiff vigorously asserted in his [second] motion for preliminary injunction to enjoin copyright infringement in the Prior Gawker Action, is governed by the United States Copyright Act.

21. Plaintiff does not allege that any of the Gawker Defendants played any role in the original recording of the Video, nor did he do so in connection with any of his numerous motions for injunctive relief or his opposition to defendants' motion to dismiss in the Prior Gawker Action.

22. In addition, while plaintiff alleges vaguely that Mrs. Clem "violated [p]laintiff's rights of privacy by disclosing the secretly-filmed video to third parties, which then resulted in excerpts of the secretly-filmed video being posted on the Gawker Site," Am. State Compl. ¶ 39, he does not allege that any of the Gawker Defendants actually received the Video from Mrs. Clem, or that there has been any joint action of any kind between any of the Gawker Defendants and Mrs. Clem.[4] Indeed, far from alleging that Mrs. Clem provided the Gawker Defendants with the Video, plaintiff requests, as part of the relief sought in his Amended State Complaint, an

---

[4] For her part, in her motion to dismiss the prior state court complaint, Mrs. Clem noted extensively that the Complaint is devoid of any allegations linking her appearance in the Video to Gawker's subsequent publication of the Excerpts. See Ex. H at ¶ 1 ("There are no allegations that [Mrs. Clem] at any time had custody or control of the video . . .; no allegations as to when the video was allegedly given to unknown 'third parties' or when and how it was subsequently provided to Gawker or what role, if any, [Mrs. Clem] may have had in any of these circumstances. The only substantive allegation relating to [Mrs. Clem] is that she can be identified on the video excerpt as having been a participant with Plaintiff.").

order requiring that Gawker disclose the source(s) who provided it with the Video. *See id.*, Prayer For Relief ¶ 6.[5]

23. Moreover, while the Amended State Complaint purports to assert three of its eight causes of action against Mrs. Clem and the Gawker Defendants jointly, *see* Am. State Compl. ¶¶ 85-108, plaintiff makes clear that the relief he seeks against Mrs. Clem is based on completely distinct conduct than the conduct that allegedly gives rise to plaintiff's causes action against the Gawker Defendants:

> [Mrs.] Clem violated Mr. Bollea's rights by participating in the secret recording of Mr. Bollea naked and engaged in private sexual activity in a private bedroom. The Gawker Defendants violated Mr. Bollea's rights by their wrongful disclosure of the private acts depicted in the Video; their unauthorized commercial exploitation of Plaintiff's name, image, identity and persona; their refusal to remove the Video and Narrative when Plaintiff repeatedly requested and demanded its removal from the Gawker site; and other calculated and tortious conduct as described herein.

*Id.* ¶ 5; *see also id.* ¶ 1 ("Defendant Clem caused Mr. Bollea to be secretly videotaped in or about 2006, without his knowledge or consent, while he was engaged in private consensual sexual relations with her in a private bedroom. On or about October 4, 2012, the Gawker Defendants posted to the Internet a one-minute and forty-second 'highlight reel' of the secretly-taped video and audio footage depicting Mr. Bollea naked and engaged in private consensual sexual relations with Clem in a private bedroom . . . .").

## GROUNDS FOR REMOVAL

24. The present lawsuit is removable from state court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a) because (a) the Gawker Defendants have been fraudulently joined to the unrelated action against Mrs. Clem to defeat diversity and each of the Gawker Defendants is

---

[5] Plaintiff sought this same relief in both his Federal Complaint and his Amended Federal Complaint, *see* Ex. C, Prayer For Relief ¶ 6; Ex. D, Prayer For Relief ¶ 10, as well as in his application for a TRO and his motion for preliminary injunction in the Prior Gawker Action, *see* Dkt. 4, 5.

diverse from plaintiff, and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

25. In the alternative, this lawsuit is removable from state court pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a) and 1441(a) because plaintiff has asserted claims under the United States Constitution and the United States Copyright Act, and this Court has supplemental jurisdiction over the remaining claims.

## I. Diversity Jurisdiction

26. This Court has original jurisdiction over the claims against the Gawker Defendants pursuant to 28 U.S.C. § 1332.

### A. All The Gawker Defendants Are Diverse

27. Plaintiff alleges that he is "a citizen of the state of Florida." Am. State Compl. ¶ 10.

28. Plaintiff concedes that none of the Gawker Defendants is a citizen of the state of Florida, pleading that:

    a. Gawker is a Delaware limited liability company, with a principal place of business in New York, Am. State Compl. ¶ 12;

    b. Gawker Media Group is a Cayman Islands corporation, *id.* ¶ 13;

    c. Gawker Entertainment, LLC, Gawker Technology, LLC and Gawker Sales, LLC are citizens of New York, *id.* ¶¶ 14-16;

    d. Blogwire Hungary Szellemi Alkotast Hasznosito KFT is a Hungarian entity, *id.* ¶ 18;

    e. Denton, Daulerio and Bennert each resides in New York, *id.* ¶¶ 21-23, and Denton is a citizen of Hungary and the United Kingdom, *id.* ¶ 21.

### B.     Fraudulent Misjoinder

29.     In a blatant attempt to defeat diversity jurisdiction over his claims against the Gawker Defendants, and in search of a judge who might perhaps respond more favorably to his claims and successive motions for injunctive relief, plaintiff has joined the Gawker Defendants to his action against Mrs. Clem, whom he alleges "is a resident of the State of Florida." Am. State Compl. ¶ 11.

30.     However, even where there is not complete diversity, "[a]n action may nevertheless be removable if the joinder of non-diverse parties is fraudulent." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Under such circumstances, a court is permitted to disregard the citizenship of any fraudulently joined parties when determining whether complete diversity exists. *Id.* at 1360; *see also Stone v. Zimmer, Inc.*, 2009 WL 1809990, at *4 (S.D. Fla. June 25, 2009) (same).

31.     As relevant here, one of the forms that fraudulent joinder can take is when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *see also Tapscott*, 77 F.3d at 1360 ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action.").

32.     Plaintiff's attempt to join the Gawker Defendants to his prior action against Mrs. Clem is unquestionably fraudulent in this sense. Plaintiff has not alleged any joint action between the Gawker Defendants and Mrs. Clem, has not alleged any similar conduct by the

Gawker Defendants and Mrs. Clem, and has not alleged any injuries caused jointly by both the Gawker Defendants and Mrs. Clem.

33. To the contrary, plaintiff's Amended State Complaint makes clear that, if he suffered any legally cognizable injuries at the hands of either the Gawker Defendants or Mrs. Clem, it was as a consequence of distinct and independent conduct (purportedly recording a sexual encounter, in the case of Mrs. Clem, and publishing excerpts from that recording, in the case of the Gawker Defendants) that was separated by roughly six years. *See* Am. State Compl. ¶¶ 1, 5. That is an insufficient connection between the parties to defeat the Gawker Defendants' statutory right of removal. *See, e.g., Tapscott*, 77 F.3d at 1360 (finding fraudulent misjoinder where claims against diverse and non-diverse defendants arose under the same statute, but related to different underlying conduct); *Stone*, 2009 WL 1809990, at *4 (plaintiff's attempt to join all defendants who contributed to hip injury rejected as fraudulent misjoinder where diverse defendant was device manufacturer that allegedly caused initial injury and non-diverse defendants were sued for exacerbating injury based on medical malpractice).

34. Moreover, the misjoinder in this case was undeniably "egregious." *Tapscott*, 77 F.3d at 1360. Plaintiff originally brought separate actions in state court and federal court against the present defendants and he only joined the defendants together after he received multiple unfavorable rulings in the Prior Gawker Action. *See* Exs. A (State Complaint), C (Federal Complaint), D (Amended Federal Complaint), F (this Court's docket in Prior Gawker Action).

### C. Amount In Controversy

35. The amount in controversy exceeds $75,000 excluding interest and costs, as required by 28 U.S.C. § 1332(a).

36. Although plaintiff avers only that he "seeks relief in an amount greater than

11

"$15,000," Am. State Compl. ¶ 7, under 28 U.S.C. § 1446(c)(2)(A)(i)-(ii), a defendant seeking removal "may assert [in the removal notice] the amount in controversy if the initial pleading seeks (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."

37. Here, plaintiff seeks a variety of non-monetary relief, and also plainly seeks damages in excess of $75,000. In the Prior Gawker Action, plaintiff previously sought $100,000,000.00 in damages in his Federal Complaint and Amended Federal Complaint against the Gawker Defendants based on the same alleged conduct and essentially the same causes of action. *See* Ex. C, Prayer For Relief ¶ 1; Ex. D, Prayer For Relief ¶ 1. Accordingly, it is clear that at least $75,000 is at stake here, especially given that plaintiff purports to assert no fewer than six distinct claims against the Gawker Defendants. *See* Am. State Compl. Counts III-VIII.

38. In sum, this case is removable under 28 U.S.C. § 1441(a) because this Court has jurisdiction over the claims against the Gawker Defendants under 28 U.S.C. §§ 1332(a)(1). The distinct claims against Mrs. Clem, to which the claims against the Gawker Defendants have been fraudulently misjoined, should be severed under Federal Rule of Civil Procedure 21, and, because plaintiff and Mrs. Clem are not diverse, those claims should be remanded to state court.

## II. <u>Federal Question Jurisdiction</u>

39. Alternatively, this Court has original jurisdiction over the claims against all defendants under 28 U.S.C. §§ 1331, 1338 and 1367.

40. Without defendants' conceding the validity of plaintiff's claims, plaintiff has asserted a cause of action for invasion of privacy by intrusion upon seclusion against the Gawker Defendants arising under the United States Constitution. Am. State Compl. ¶ 67 (alleging

Gawker Defendants "have grossly invaded [p]laintiff's protected rights of privacy as recognized under the United States Constitution" as well as state law); *see also id.* ¶ 6 (defendants' conduct "violates [p]laintiff's constitutional and common law rights"). This claim is based on the same alleged conduct – the publication of the Gawker Story – that forms the basis for all of plaintiff's claims against the Gawker Defendants. *See id.* ¶ 66-72 (stating basis for alleged privacy claim); *see also id.* ¶ 5 (stating generally that the Gawker Defendants' allegedly tortious conduct consisted of the publication of the Gawker Story).[6]

41. In addition, without conceding that any such relief is warranted, plaintiff also seeks an order "transferring to [p]laintiff all of Defendants' right, title and interest in and to the" Video. Am. State Compl., Prayer for Relief ¶ 3. As plaintiff recognized in his Motion for a Preliminary Injunction to Enjoin Copyright Infringement, the transfer of such rights in the Video is governed by the United States Copyright Act – and exclusively so, *see* 17 U.S.C. § 301. For that reason as well, plaintiff's claims involve an additional federal question. *See Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 866-67 (11th Cir. 2008) (lawsuit seeking adjudication of intellectual property ownership rights raised federal question under Copyright Act).

42. Accordingly, this case is also removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the entire case under 28 U.S.C. §§ 1331, 1338 and 1367. *See* 28 U.S.C. 1441(c); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 n.20 (11th Cir. 2010)

---

[6] Further illustrating plaintiff's bad faith in re-asserting his claims in state court, plaintiff had consistently alleged in the Prior Gawker Action that his privacy claims were brought under the United States Constitution (although the defendants contested this assertion). *See* Ex. C (Federal Complaint) ¶¶ 5, 32 (asserting invasion privacy rights "under the United States Constitution" and state law); Ex. D (Amended Federal Complaint) ¶¶ 5, 35 (same); Dkt. 67 (MTD Opp.) at 1, 4 (arguing that plaintiff's asserted "right to privacy" is a "'fundamental constitutional right'" under federal Constitution) (citation omitted); 11th Cir. Mot. for Injunction Pending Appeal (filed 12/14/12) at 15 (asserting that his "'right to privacy also is a fundamental constitutional right which stands on equal footing with the First Amendment'").

("a defendant may remove on the basis of federal question jurisdiction . . . where that question appears on the face of the plaintiff's complaint").

## CONSENT AND NOTICE

43. Because this Court may disregard Mrs. Clem's status as a defendant on account of fraudulent misjoinder, her consent to removal is unnecessary.[7] *See* 28 U.S.C. § 1446(b)(2)(A) (consent is required only of those defendants who have been properly "joined and served"); *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("application of [consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists"); *Torrence v. Pfizer, Inc.*, 2007 WL 788368, at *4 (M.D. Fla. Mar. 14, 2007) (same). This rule applies with equal force to removal based on a federal question as to removal based on diversity. *See, e.g., Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1402, 1403 n.28 (S.D. Fla. 2008) (noting, in case involving federal question jurisdiction, that "the consent of fraudulently joined . . . parties is not required; their lack of consent does not defeat removal," and that "the rationale for fraudulent joinder applies with equal force in the context of removal based on federal question jurisdiction") (citing cases).

44. Pursuant to 28 U.S.C. § 1446(d), plaintiff, the only adverse party, is being provided with a Notice of Removal, *see* Ex. I (true and correct copy of Notice of Counsel), and a copy of this Notice of Removal is being filed with the Clerk for the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, *see* Ex. J (true and correct copy of Notice to State Court).

---

[7] The consent of the remaining Gawker Defendants is unnecessary because they have not been served. *See* 28 U.S.C. § 1446(b)(2)(A) (only defendants who have been properly served must consent to removal).

## CONCLUSION

45. Because all properly joined parties are completely diverse and the amount in controversy exceeds $75,000, and/or because plaintiff's Complaint raises federal questions, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367 and 1441(a). Because the claims against Mrs. Clem were fraudulently misjoined with those against the Gawker defendants, the claims against Mrs. Clem should be severed pursuant to Federal Rule of Civil Procedure 21 and those claims remanded to state court.

WHEREFORE, notice is given that this action is removed from the Circuit Court for the Six Judicial Circuit in and for Pinellas County, Florida, in which it is now pending, to the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted,

THOMAS & LOCICERO PL

By: *[signature]*
Gregg D. Thomas
Florida Bar No.: 223913
Rachel E. Fugate
Florida Bar No.: 0144029
601 S. Boulevard
P.O. Box 2602 (33601)
Tampa, FL 33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

Of Counsel:
Seth D. Berlin (*pro hac vice* application forthcoming)
Paul J. Safier (*pro hac vice* application forthcoming)
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
Telephone: (202) 508-1122
Facsimile: (202) 861-9888
sberlin@lskslaw.com
psafier@lskslaw.com

Cameron A. Stracher
Gawker Media
210 Elizabeth Street, 4th Floor
New York, NY 10012
Telephone: (212) 743-6513
cameron@gawker.com

*Counsel for Gawker Media, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January 2013, I caused a true and correct copy of the foregoing to be served by mail and email upon the following counsel of record:

Kenneth G. Turkel, Esq.
kturkel@BajoCuva.com
Christina K. Ramirez, Esq.
cramirez@BajoCuva.com
Bajo Cuva Cohen & Turkel, P.A.
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Tel: (813) 443-2199
Fax: (813) 443-2193

Charles J. Harder, Esq.
charder@HMAfirm.com
Harder Mirell & Abrams LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067
Tel: (424) 203-1600
Fax: (424) 203-1601

*Attorneys for Plaintiff*

Barry A. Cohen, Esq.
bcohen@tampalawfirm.com
Michael W. Gaines
mgaines@tampalawfirm.com
D. Keith Thomas
dkthomas@tampalawfirm.com
Barry A. Cohen Law Group
201 East Kennedy Boulevard, Suite 1000
Tampa, FL 33602
Tel: (813) 225-1655
Fax: (813) 225-1921

*Attorneys for Defendant Heather Clem*

_____
Attorney