IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

   Plaintiff,

v.

HEATHER CLEM aka Heather Cole, an
individual, and BUBBA THE LOVE
SPONGE CLEM aka Todd Alan Clem,

   Defendants.

Case No. 12012477CI-011



## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Terry Gene Bollea ("Bollea" or "Plaintiff") professionally known as "Hulk Hogan" sues defendants Heather Clem aka Heather Cole, and Bubba the Love Sponge Clem aka Todd Ala Clem, and alleges as follows:

### NATURE OF THIS ACTION

1. Defendants have engaged in outrageous, irresponsible and despicable conduct that should be punished to the maximum extent under the law. Defendants caused Plaintiff to be secretly videotaped (the "Video") in or about 2006, without Plaintiff's knowledge or consent, while Plaintiff was engaged in private consensual sexual relations in a private bedroom.

2. Plaintiff had no knowledge that the intimate matters depicted in the Video were being recorded. To the contrary, Plaintiff had a reasonable expectation of his privacy in his consensual, intimate activities in a private bedroom and reasonably believed that his privacy was safe and protected. Plaintiff's privacy was severely and egregiously violated by the Defendants.

1

EAST\52369214.1

3. On or about October 4, 2012, an edited version of the Video was published online at the website www.Gawker.com (the "Gawker Site").

4. This action is necessitated because of Defendants' blatant violation of Plaintiff's right of privacy. Defendants' malicious conduct violates Plaintiff's constitutional and legal privacy rights, and exceeds all bounds of human decency. Defendants' gross intrusion into Plaintiff's privacy should be punished to the fullest extent of the law.

## JURISDICTION

5. This Court has jurisdiction because Plaintiff seeks relief in an amount greater than $15,000, exclusive of interest, costs, and attorneys' fees.

6. Venue is proper in this Court because Plaintiff and Defendant Bubba The Love Sponge Clem reside in Pinellas County, Florida.

7. The violations alleged herein affect more than one judicial circuit in the State of Florida.

## PARTIES

8. Plaintiff Terry Gene Bollea is a resident and citizen of the State of Florida, and resident of Pinellas County.

9. Defendant Heather Clem aka Heather Cole is a resident of the State of Florida, believed to reside in Miami-Dade County.

10. Defendant Bubba The Love Sponge Clem aka Todd Alan Clem is a resident of Pinellas County, Florida.

## FACTS GIVING RISE TO THE CLAIMS

11. Plaintiff is a professional wrestler, motion picture actor, and television personality who has enjoyed mainstream popularity as the character "Hulk Hogan." Plaintiff is a twelve-time world wrestling champion.

2

12. On or about October 4, 2012, the Gawker Site published a story reporting on the Video, and within that story posted an edited version of the Video. The video excerpts show Plaintiff having private consensual sexual relations with a woman who is not identified in the Video, but is defendant Heather Clem aka Heather Cole. The Video was filmed in or about 2006, without Plaintiff's knowledge or consent, in Ms. Clem's private bedroom. Plaintiff is informed and believes, and on that basis alleges, that Defendants were jointly involved in filming the consensual sexual encounter depicted in the Video. The Video was edited by Gawker Media, and the excerpts were posted at the Gawker Site without Plaintiff's permission or consent, and remains at the Gawker Site notwithstanding Plaintiff's repeated demands to Gawker Media that the Video be removed.

13. At no time before or during the consensual sexual encounter between Plaintiff and Ms. Clem, did Plaintiff ever know about, authorize or consent to the taking of the private Video. At no time did Plaintiff ever authorize the Video to be published or disseminated to anyone. On the contrary, Plaintiff has repeatedly and consistently demanded of all persons involved, that the Video be permanently removed from all publicly accessible media, and destroyed.

14. Plaintiff has spent considerable time and effort developing his career as a professional champion wrestler and developing his brand. Through years of hard work, Plaintiff has developed his reputation, goodwill and international notoriety to create considerable value in this identity.

15. The commercial value of Plaintiff's identity is diminished by the unauthorized creation and distribution of the Video, which is perceived unfavorably by the public.

16. The conduct by the Defendants complained of herein manifests an outrageous and egregious disregard for Plaintiff's privacy rights.

## FIRST CAUSE OF ACTION

### (Invasion of Privacy by Intrusion Upon Seclusion Against All Defendants)

17. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 16 inclusive as though fully set forth herein.

18. Defendants, without Plaintiff's knowledge or consent, have grossly invaded Plaintiff's protected rights of privacy as recognized under the United States Constitution, Florida Constitution, and the common law, by filming Plaintiff in or about 2006 engaged in consensual intimate sexual relations with Ms. Clem in a private bedroom. Plaintiff recently learned of the existence of the Video, and brought this lawsuit promptly thereafter.

19. Defendants further violated Plaintiff's rights of privacy by disclosing the Video to third parties, which then resulted in excerpts of the Video being posted on the Gawker Site.

20. The videotaping of Plaintiff engaging in consensual sexual relations in private quarters was not carried out for reasonable or legitimate purposes. Plaintiff had a reasonable expectation of privacy at all relevant times, and did not know about, nor consent to, the taping of the activity depicted in the Video.

21. The unauthorized taking and dissemination of the Video is highly offensive and objectionable to Plaintiff and to any reasonable person of ordinary sensibilities, and is not of legitimate public concern.

22. Defendants knew or should have known that the Video contained private and confidential information, that Plaintiff had a reasonable expectation of privacy, that Defendants' conduct would cause private and personal things about Plaintiff to be revealed which Defendants had no right to disseminate or disclose, and that the publication of these private facts constitute a clear and substantial violation of Plaintiff's right of privacy.

EAST\52369214.1

23. Defendants violated Plaintiff's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into Plaintiff's privacy and the publication, and dissemination of the Video in an unprivileged manner in conscious disregard of Plaintiff's rights.

24. Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard of Plaintiff's right of privacy.

25. Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video and all portions and content thereof and all copies thereof, and mandating the delivery of same to Plaintiff and transferring to Plaintiff all right, title and interest in the Video and all portions and content thereof and all copies thereof.

26. Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video, and any portions and content thereof; mandating the delivery of all reproductions and copies of the Video and all portions and content thereof; and transferring to Plaintiff all right, title and interest in and to the Video and all portions and content thereof.

27. Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video and all portions and content thereof and all copies thereof, and mandating the delivery

of same to Plaintiff and transferring to Plaintiff all right, title and interest in the Video and all portions and content thereof and all copies thereof.

28. Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice, thus entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

## SECOND CAUSE OF ACTION

### (Publication of Private Facts Against All Defendants)

29. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 16, inclusive as though fully set forth herein.

30. Defendants disclosed or caused to be disclosed to third parties the contents of the Video depicting Plaintiff in or about 2006 engaged in private consensual sexual relations with Ms. Clem in a private bedroom. Defendants knew, or should have known, that the Video contained private and confidential information; that Plaintiff had a reasonable expectation of privacy in engaging in the activity depicted in the Video; that the Video was taken without Plaintiff's knowledge, consent, or approval and would reveal private and personal things about Plaintiff if disclosed to third parties which Defendants had no right to disseminate or disclose; and that this publication of these private facts would be offensive and objectionable to a reasonable person of ordinary sensibilities, and would have the natural tendency of causing substantial damages to Plaintiff.

31. Defendants' actions served no legitimate public interest.

32. Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard of Plaintiff's right to privacy.

33. Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video and all portions and content thereof and all copies thereof, and mandating the delivery of same to Plaintiff and transferring to Plaintiff all right, title and interest in the Video and all portions and content thereof and all copies thereof.

34. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has suffered substantial injury, damage, loss, harm, anxiety, embarrassment, humiliation and shame. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof.

35. Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice, thus entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against All Defendants)

36. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 16, inclusive as though fully set forth herein.

EAST\52369214.1

37. At all times herein, Defendants acted intentionally and unreasonably in creating the Video and in causing it to be disseminated to third parties when they knew or should have known that Plaintiff's emotional distress would likely result. In doing so, Defendants acted outrageously and beyond all reasonable bounds of decency, and intentionally inflicted severe emotional distress upon Plaintiff, to his detriment.

38. Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff humiliation, mental anguish and severe emotional distress and was done with wanton and reckless disregard of the consequences to Plaintiff.

39. As a proximate result of the aforementioned wrongful conduct, Plaintiff has suffered substantial monetary damages, including damages to his personal and professional reputation and career, and substantial emotional distress, anxiety and worry.

40. Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard of Plaintiff's right of privacy.

41. Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video and all portions and content thereof and all copies thereof, and mandating the delivery of same to Plaintiff and transferring to Plaintiff all right, title and interest in the Video and all portions and content thereof and all copies thereof.

42. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has suffered substantial monetary damages, including damages to his personal and professional reputation and career, and substantial injury damage, loss, harm, anxiety,

embarrassment, humiliation, shame, and severe emotional distress in an amount that has not yet been fully ascertained. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof.

43. Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice, thus entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

## FOURTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress Against All Defendants)

44. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 16, inclusive as though fully set forth herein.

45. At all times herein, Defendants acted negligently and unreasonably in creating the Video and causing it to be disseminated to third parties. In doing so, Defendants acted beyond all reasonable bounds of decency, and negligently inflicted emotional distress upon Plaintiff, to his detriment.

46. Defendants' conduct was negligent and proximately caused Plaintiff to suffer substantial humiliation, mental anguish and severe emotional distress and was done with the wanton and reckless disregard of the consequences to Plaintiff.

47. As a proximate result of the aforementioned wrongful conduct, Plaintiff has suffered substantial emotional distress, anxiety and worry.

48. Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard of Plaintiff's right to privacy.

9

EAST\52369214.1

49.	Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video and all portions and content thereof and all copies thereof, and mandating the delivery of same to Plaintiff and transferring to Plaintiff all right, title and interest in the Video and all portions and content thereof and all copies thereof.

50.	As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has suffered substantial monetary damages, including damages to his personal and professional reputation and career, and substantial injury, damage, loss, harm, anxiety, embarrassment, humiliation and shame. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has been damaged and will be damaged.

## FIFTH CAUSE OF ACTION

(Violation of section 934.10, Florida Statutes Against All Defendants)

51.	Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 16, inclusive as though fully set forth herein.

52.	Plaintiff had a reasonable expectation of privacy in engaging in private consensual sexual relations in private quarters at all relevant times, and did not know about, nor consent to, the taping of the activity depicted in the Video, or its publication or dissemination.

53.	Defendants violated Plaintiff's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into Plaintiff's privacy and the publication, and dissemination of the Video in an unprivileged manner in conscious disregard of Plaintiff's rights.

54.	Defendants disclosed or caused to be disclosed to third parties the contents of the Video depicting Plaintiff in or about 2006 engaged in private consensual sexual relations with

10

Ms. Clem in a private bedroom. Defendants knew, or should have known, that the Video contained private and confidential information; that Plaintiff had a reasonable expectation of privacy in engaging in the activity depicted in the Video; that the Video was taken without Plaintiff's knowledge, consent, or approval and would reveal private and personal things about Plaintiff if disclosed to third parties which Defendants had no right to disseminate or disclose; and that this publication of these private facts would be offensive and objectionable to a reasonable person of ordinary sensibilities, and would have the natural tendency of causing substantial damages to Plaintiff.

55. Defendants' actions served no legitimate public interest.

56. Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard of Plaintiff's right to privacy.

57. Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video and all portions and content thereof and all copies thereof, and mandating the delivery of same to Plaintiff and transferring to Plaintiff all right, title and interest in the Video and all portions and content thereof and all copies thereof.

58. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has suffered substantial injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame, and severe emotional distress. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof.

EAST\52369214.1

59.     Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice, thus entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Terry Gene Bollea prays for judgment against defendants Heather Clem aka Heather Cole, and Bubba The Love Sponge Clem aka Todd Alan Clem, and jointly and severally, as follows:

## AS TO THE FIRST THROUGH THIRD, AND FIFTH, CAUSES OF ACTION

1.      For an award of general and special damages in an amount in excess of the minimum jurisdictional limits of this Court in accordance with proof at trial together with interest thereon at the maximum legal rate;

2.      For exemplary and punitive damages in an amount appropriate to punish to set an example of Defendants, and to deter such conduct in the future, the exact amount of such damages is subject to proof at trial;

## AS TO THE FOURTH CAUSE OF ACTION

3.      For an award of general and special damages in an amount in excess of the minimum jurisdictional limits of this Court in accordance with proof at trial together with interest thereon at the maximum legal rate;

## AS TO ALL CAUSES OF ACTION

4.      For costs of suit incurred herein;

5. For an Order and Judgment transferring to Plaintiff all of Defendants' right, title and interest in and to the Video, and all portions and content thereof, and all copies and reproductions thereof contained in all media;

6. For an Order and Judgment requiring the delivery to Plaintiff all copies of the Video, and all portions and content thereof, in all formats and all forms of media, including electronic and physical media, within Defendants' possession, custody or control, including without limitation turning over to Plaintiff any and all storage devices (such as CDs, DVDs, hard drives, flash drives, tapes, and disks) containing same;

7. For preliminary and permanent injunction against Defendants and all persons acting under their control, from any and all activity that would cause the distributing, disseminating, publishing, displaying, posting for view or access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or otherwise using, exploiting or attempting to exploit, the Video or any portions or content thereof or any copies thereof, in any and all formats and media, including all electronic and physical media;

8. For an Order and Judgment requiring Defendants to turn over to Plaintiff all information pertaining to the Video, including without limitation, all activity by all persons and entities related to the creation, storage, transportation, editing, distributing, disseminating, publishing, displaying, posting for view or access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or otherwise using, exploiting or attempting to exploit, the Video or any portions or content thereof or any copies thereof, in any and all formats and media, including all electronic and physical media;

9. For a constructive trust to be placed upon Defendants and all persons acting on their behalf or under their direction or control, as to all revenues and profits received by any and all such individuals, including Defendants, to be held for the benefit of Plaintiff, and to be disgorged in their entirety to Plaintiff;

10. For attorneys' fees, if permissible by law; and

11. For such other and further relief as to this court may deem and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Terry Gene Bollea hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

Dated: October 15, 2012

Fredrick H.L. McClure
Florida Bar No.: 147354
fredrick.mcclure@dlapiper.com
sheila.hall@dlapiper.com
E. Colin Thompson
Florida Bar No.: 684929
colin.thompson@dlapiper.com
arlene.vice@dlapiper.com
**DLA PIPER LLP (US)**
100 North Tamp Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 222-5904
Fax: (813) 229-1447

Charles J. Harder, Esq.
California Bar No. 184593
(*Pro hac vice* application to be filed)
Wolf, Rifkin, Shapiro, Schulman, & Rabkin, LLP
11400 W. Olympic Boulevard, 9th Floor
Los Angeles, Ca 90064-1582
T: (310) 478-4100
F: (310) 479-1422
charder@wrslawyers.com

David R. Houston, Esq.
(*Pro hac vice* application to be filed)
432 Court Street
Reno, Nevada 89501
T: (775) 786-4188
F: (775) 786-5091
dhouston@houstonatlaw.com
**Attorneys for Plaintiff**

EAST\52369214.1