IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA, Professionally
known as HULK HOGAN,

    Plaintiff,

vs.

HEATHER CLEM a/k/a Heather Cole, an
Individual, and BUBBA THE LOVE
SPONGE CLEM a/k/a Todd Alan Clem,

    Defendants.

_____/

CASE NO. ~~12-01247-CI-011~~ 12-12447-CI-11

## DEFENDANT, HEATHER COLE'S, MOTION TO DISMISS

    Defendant, HEATHER COLE (f/k/a Heather Clem), by and through her undersigned attorneys, hereby moves for the dismissal of Complaint filed by Plaintiff, TERRY GENE BOLLEA (hereinafter referred to as "Plaintiff"), against her in the above-styled matter and states:

    1. Plaintiff's Complaint asserts causes of action based on the release and publication of a videotape depicting Plaintiff and Defendant, HEATHER COLE, engaging in consensual sexual relations. Plaintiff alleges that "an edited" version of the video was published on the Internet by a company known as Gawker Media, which is not named as a party. The Complaint also alleges that the video was "disclos[ed] to third parties, which then resulted in excerpts of the video being posted on the Gawker site." (Complaint ¶ 19). The "third parties" referenced in the Complaint are not identified or otherwise named as parties nor is the means by which the video was alleged to have been disseminated to Gawker identified in any manner whatsoever. There are no allegations whatsoever concerning the alleged role of Defendant, HEATHER COLE, in the dissemination or publication of the video. There are no allegations that Defendant, HEATHER

1

COLE, at any time had custody or control of the video; no allegations as to when the video was allegedly made or under what circumstances; no allegations as to when the video was allegedly given to any unknown "third parties' or when and how it was subsequently provided to Gawker or what role, if any, that Defendant, HEATHER COLE, may have had in any of these circumstances. The only substantive allegation relating to Defendant, HEATHER COLE, is that she can be identified on the video excerpt as having been a participant with the Plaintiff.

2. As a matter of both fact and law, the allegations of the Complaint fail to state any cause of action against the Defendant, HEATHER COLE, and, as such, the Complaint must be dismissed.

3. The Complaint purports to allege causes of action for "Invasion of Privacy by Intrusion upon Seclusion against All Defendants" (Count One); "Publication of Private Facts Against All Defendants" (Count Two); "Intentional Infliction of Emotional Distress Against All Defendants" (Count Three); "Negligent Infliction of Emotional Distress Against All Defendants" (Count Four); and "Violation of Section 934.10, Florida Statutes Against All Defendants." Each of these counts fails under applicable Florida law.

4. Counts One and Two, "Invasion of Privacy by Intrusion Upon Seclusion" and "Publication of Private Facts" are causes of action based on the common law tort of invasion of privacy or 'false light" which is not recognized as a viable cause of action in Florida. *Jews for Jesus, Inc. v. Rapp,* 997 So. 2d 1098 (Fla. 2008). It is likely that the tort does not survive at common law either after the United States Supreme Court's decision in *Florida Star v. B.J.F.,* 491 U.S. 524 (1989). The *Florida Star* decision, in the words of Justice White, "obliterate[ed] the tort of publication of private facts. *Id.* at 500.

5. Counts Three and Four, Intentional and Negligent Infliction of Emotional Distress,

respectively, also fail under Florida law. In order to support a cause of action for the Intentional Infliction of Emotional Distress, the Defendant must have acted recklessly or intentionally. *Johnson v. State Dept. of HRS*, 695 So. 2d 927 (Fla. 1997). Additionally, the conduct complained of must be so extreme and atrocious as to be utterly intolerable in any civilized society. *Allen v. Walker*, 810 So. 2d 1090, 1091 (Fla. 4th DCA 2002). This determination is one of law for the Court and not a question of fact. *Gandy v. Trans World Computer Tech Group*, 787 So. 2d 116, 119 (Fla. 2d DCA 2001). The cases where conduct has been found to meet the outrageousness standard typically involve some level of physical contact, severely threatening behavior, or extreme abuse of power. *See Johnson v. Thigpen*, 788 So. 2d 410, 412 (Fla. 1st DCA 2001). Insults, indignities and false accusations, without more, have been deemed insufficient to meet the outrageousness standard for this tort. *See U.S. v. Degayner*, 2008 WL 2439882 (M.D. Fla. 2008); *Williams v. Worldwide Flight Serv., Inc.*, 877 So. 2d 869 (Fla. 3d DCA 2004). The Plaintiff's Complaint in the present case makes no allegations whatsoever concerning any specific actions of Defendant, HEATHER COLE, beyond identifying her as an alleged participant in the video. Absent such allegations, no cause of action for intentional infliction of emotional distress is stated.

6. Count Four fails to sufficiently allege a claim for the Negligent Infliction of Emotional Distress. A claim for the Negligent Infliction of Emotional Distress requires that the Plaintiff satisfy the impact rule. The "impact" is required as a guarantee that the mental distress is genuine. The impact rule, as applied in Florida, requires that "before a Plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the Plaintiff sustained in an impact." *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995). An impact or contact must occur during the

negligent event causing mental distress *or* there must be an objectively discernible ***physical*** manifestation of the psychological trauma experienced as a result of the event. *Willis v. Gami Golden Glades LLC*, 967 So. 2d 846 (Fla. 2007). Obviously, Plaintiff has not and cannot allege a cause of action for negligent infliction of emotional distress against the Defendant, HEATHER COLE.

7. Lastly, Plaintiff in Count Five, seeks to maintain an action under Section 934.10, Florida Statutes. Under Florida law, however, this claim fails as well. There is no allegation in the Complaint that any oral communications were recorded or were published. Absent such allegation, Plaintiff cannot maintain any action under § 934.10. *See Minotty v. Baudo*, 42 So. 3d 824 (Fla. 4th DCA 2010) (interception of video images does not violate statute regarding interception of wire, oral or electronic communications).

8. None of the five counts in Plaintiff's Complaint can be maintained as alleged against the Defendant, HEATHER COLE, and should therefore be dismissed.

WHEREFORE, Defendant, HEATHER COLE, respectfully prays for the entry of an order dismissing the Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy has been served via electronic mail and regular U.S. mail to Fredrick H.L. McClure, Esq., DLA Piper LLP, 100 N. Tampa Street, Suite 2200, Tampa Florida 33602-5809, Fredrick.mcclure@dlapiper.com; Charles J. Harder, Esq., Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, 11400 W. Olympic Blvd. 9th Floor, Los Angeles, Ca. 90064-1582, charder@wrslawyers.com; and David R. Houston, Esq., 432 Court St., Reno, Nev. 89501, dhouston@houstonatlaw.com this 28th day of November, 2012.

BARRY A. COHEN LAW GROUP

BARRY A. COHEN
Florida Bar No.: 0096478
bcohen@tampalawfirm.com
MICHAEL W. GAINES
Florida Bar No. 775614
mgaines@tampalawfirm.com
D. KEITH THOMAS
Florida Bar No.: 0818720
dkthomas@tampalawfirm.com
201 East Kennedy Boulevard, Suite 1000
Tampa, Florida 33602
(813) 225-1655 (Telephone)
(813) 225-1921 (Facsimile)
Main: jrosario@tampalawfirm.com
Attorneys for Defendant, Heather Cole