UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY GENE BOLLEA professionally
known as HULK HOGAN

   Plaintiff,

vs.

Case No.:  8:13-cv-0001-T-26AEP

HEATHER CLEM; GAWKER MEDIA,
LLC aka GAWKER MEDIA; GAWKER
MEDIA GROUP, INC. aka GAWKER
MEDIA; GAWKER ENTERTAINMET,
LLC; GAWKER TECHNOLOGY, LLC;
GAWKER SALES, LLC; NICK DENTON;
A.J. DAULERIO; KATE BENNERT AND
BLOGWIRE HUNGARY SZELLEMI
ALKOTAST HASZNOSITO KFT,

   Defendants.
_____/

**DEFENDANT GAWKER MEDIA, LLC'S NOTICE OF
CONSTITUTIONAL CHALLENGE TO FLORIDA STATUTE § 934.10**

Pursuant to Federal Rule of Civil Procedure 5.1, defendant Gawker Media, LLC ("Gawker") hereby respectfully submits this Notice to the Attorney General of Florida, notifying it of Gawker's constitutional challenge to plaintiff's cause of action for violation of the disclosure provisions of Florida Statute § 934.10 (the "Florida Wiretap Act").

In this action, plaintiff Terry Gene Bollea aka Hulk Hogan has asserted, *inter alia*, a cause of action against Gawker under Florida Statute § 934.10 for disclosing brief excerpts (the "Excerpts") of the contents of an audiovisual recording (the "Video").  Plaintiff contends the Video was made without his consent by parties other than Gawker; he does not contend that Gawker played any role in the recording or interception of the Video.  He further contends that

1

the Excerpts were disseminated approximately six years later by Gawker in violation of the disclosure provisions of Section 934.10.

Gawker has moved to dismiss that cause of action, including on the grounds that the Court cannot, consistent with the First Amendment to the United States Constitution, punish the *dissemination* of communications about a matter of public concern where, as here, Gawker played no role in *recording* or *intercepting* them.[1]  Specifically, in *Bartnicki v. Vopper*, 532 U.S. 514 (2001), the Supreme Court found unconstitutional the imposition of liability under the analogous "dissemination" provisions of the federal Wiretap Act in similar circumstances.  As the Court explained, where the "publisher of information has obtained the information in question in a manner lawful in itself, but from a source who has [recorded] it unlawfully," that "stranger's illegal conduct does not suffice to remove the First Amendment shield from speech about a matter of public concern."  *Id.* at 528, 535.

Pursuant to Rule 5.1(a)(2), attached as Exhibit A to this Notice (in the copy served on the Florida Attorney General only) is Gawker's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, advancing Gawker's challenge to the constitutionality of plaintiff's cause of action for violation of the Florida Wiretap Act.[2]

---

[1] Here, the Court has previously concluded that the Excerpts involve a matter of public concern.  *See Bollea v. Gawker Media, LLC*, 2012 WL 5509624, at *3 (M.D. Fla. Nov. 14, 2012); *Bollea v. Gawker Media LLC, et al.*, No. 8:12-cv-02348-JDW-TBM (M.D. Fla.), Dkt. 66 (12/21/12 Order) at 5 n.3 (same).

[2] In his Complaint, plaintiff also alleges that he is "informed and believes" that defendants' conduct is actionable in part because dissemination of the Excerpts constitutes a felony under Florida's Video Voyeurism Act, Florida Stat. § 810.145.  Putting aside that the statute (a) does not create a private right of action and plaintiff has not asserted one, *see Kamau v. Slate*, 2012 WL 5390001, at *9 (N.D. Fla. Oct. 1, 2012), and (b) it does not apply on its face for the reasons explained at note 20 in the attached motion to dismiss, reliance on this statute to punish Gawker's dissemination of the Excerpts would be unconstitutional for the same reasons as explained above in connection with the Wiretap Act.  To the extent necessary, Gawker therefore respectfully gives notice of that analogous constitutional challenge to the Video Act as well.

2

Rule 5.1 further provides that, under 28 U.S.C. § 2403, the Court must "certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b).

January 4, 2013

Respectfully submitted,

THOMAS & LOCICERO PL

/s/ Gregg D. Thomas
Gregg D. Thomas
  Florida Bar No. 223913
Rachel Fugate
  Florida Bar No. 0144029
400 N. Ashley Drive, Suite 1100
Tampa, FL  33602
Tel: (813) 984-3060
Fax: (813) 984-3070
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

Of Counsel:
Seth D. Berlin (*pro hac vice* motion forthcoming)
Paul J. Safier (*pro hac vice* motion forthcoming)
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
Telephone: (202) 508-1122
Facsimile: (202) 861-9888
sberlin@lskslaw.com
psafier@lskslaw.com

*Counsel for Defendant Gawker Media, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 4th day of January 2013, a true and correct copy of the foregoing was sent to the Attorney General of the State of Florida, Pam Biondi, via certified mail to the following address:

>Office of Attorney General, State of Florida
>The Capitol PL-01
>Tallahassee, FL 32399-1050

and is being electronically filed and will be furnished via CM/ECF to:

| | |
|---|---|
| Kenneth G. Turkel, Esq.<br>kturkel@BajoCuva.com<br>Christina K. Ramirez, Esq.<br>cramirez@BajoCuva.com<br>Bajo Cuva Cohen & Turkel, P.A.<br>100 N. Tampa Street, Suite 1900<br>Tampa, FL 33602<br>Tel: (813) 443-2199<br>Fax: (813) 443-2193<br><br>*Counsel for Plaintiff* | Barry A. Cohen, Esq.<br>bcohen@tampalawfirm.com<br>D. Keith Thomas<br>dkthomas@tampalawfirm.com<br>Barry A. Cohen Law Group<br>201 East Kennedy Boulevard, Suite 1000<br>Tampa, FL 33602<br>Tel: (813) 225-1655<br>Fax: (813) 225-1921<br><br>*Counsel for Defendant Heather Clem* |

and served by mail and email on:

| | |
|---|---|
| Charles J. Harder, Esq.<br>charder@HMAfirm.com<br>Harder Mirell & Abrams LLP<br>1801 Avenue of the Stars, Suite 1120<br>Los Angeles, CA 90067<br>Tel: (424) 203-1600<br>Fax: (424) 203-1601<br><br>*Co-Counsel for Plaintiff* | Michael W. Gaines<br>mgaines@tampalawfirm.com<br>Barry A. Cohen Law Group<br>201 East Kennedy Boulevard, Suite 1000<br>Tampa, FL 33602<br>Tel: (813) 225-1655<br>Fax: (813) 225-1921<br><br>*Co-Counsel for Defendant Heather Clem* |

>/s/ Gregg D. Thomas
>Attorney