## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **TERRY GENE BOLLEA, professionally known as HULK HOGAN,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No. 8:13-cv-1-T-27AEP |
| | ) | |
| **HEATHER CLEM; GAWKER MEDIA, LLC aka GAWKER MEDIA; GAWKER MEDIA GROUP, INC. aka GAWKER MEDIA; GAWKER ENTERTAINMENT, LLC; GAWKER TECHNOLOGY, LLC; GAWKER SALES, LLC; NICK DENTON; A.J. DAULERIO; KATE BENNERT, and BLOGWIRE HUNGARY SZELLEMI ALKOTAST HASZNOSITO KFT aka GAWKER MEDIA,** | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | / | |

## PLAINTIFF'S MOTION FOR REMAND
## AND SUPPORTING MEMORANDUM

On January 2, 2013, Defendant Gawker Media, LLC aka Gawker Media ("Gawker") removed this action from the Sixth Judicial Circuit Court in and for Pinellas County, Florida based on diversity of citizenship or, in the alternative, federal question jurisdiction, despite the fact that this action involves neither. Notice of Removal, Dkt. 1. Because this action lacks both diversity of citizenship and federal question jurisdiction, this case should be remanded pursuant to 28 U.S.C. § 1447.

1

**MEMORANDUM OF LAW IN SUPPORT**

**I.     Background**

As the Court is well aware, on October 15, 2012, Plaintiff Terry Gene Bollea ("Bollea")

filed a Complaint in this Court against Defendants Gawker Media, LLC aka Gawker Media,

Gawker Media Group, Inc. aka Gawker Media, Gawker Entertainment, LLC, Gawker

Technology, LLC, Gawker Sales, LLC, Nick Denton, A.J. Daulerio, Kate Bennert, and Blogwire

Hungary Szellemi Alkotast Hasznosito Kft aka Gawker Media (collectively the "Gawker

Defendants") alleging claims for invasion of privacy by intrusion upon seclusion, publication of

private facts, violation of Florida common law right of publicity, intentional infliction of

emotional distress, and negligent infliction of emotional distress. *See Bollea v. Gawker Media,*

*et al.*, No. 8:12-cv-2348-T-27TBM (the "Initial Federal Action"), Dkt. 1.  The subject matter

jurisdiction of the Initial Federal Action was based on diversity of citizenship. *See* Initial Federal

Action, No. 8:12-cv-2348-T-27TBM, Dkt. 1 at ¶ 21.  No federal claims were initially alleged.

On that **same date**, October 15, 2012, Bollea filed a Complaint, *Bollea v. Heather Clem,*

*et al.*, No. 12012447-CI-011, in the Sixth Judicial Circuit Court in and for Pinellas County,

Florida against Heather Clem and Bubba the Love Sponge aka Todd Alan Clem ("Todd Clem")

(the "State Court Action") alleging claims for invasion of privacy by intrusion upon seclusion,

publication of private facts, intentional infliction of emotional distress, negligent infliction of

emotional distress, and a violation of section 934.10, Florida Statutes. *See* Dkt. 1-1.

A review of the facts alleged in the initial complaints in each case illustrates that both

cases are based on the same facts giving rise to all the claims involved.  Specifically, Bollea was

filmed without his knowledge naked in a private bedroom and engaged in private sexual relations

with Heather Clem, and Ms. Clem caused the Gawker Defendants to acquire the tape, and the

2

Gawker Defendants posted to the Internet a one-minute and forty-second "highlight reel" of the taped private sexual encounter without Bollea's permission. *See* Dkt. 1-1 & Initial Federal Action, No. 8:12-cv-2348-T-27TBM, Dkt. 1. The content of the video is explicit sexual activity and full frontal nudity and no part of it was blurred, blocked or obscured by the Gawker Defendants.

On or about October 26, 2012, Bollea settled his claims with Todd Clem in the State Court Action. Notwithstanding his best efforts, however, Bollea was unable to settle his claims with Heather Clem, and that action remains pending and will remain pending for the foreseeable future, and may well go to trial in light of Heather Clem's total refusal to even discuss settlement. Gawker has now purported to remove this action from State Court to this Court without Heather Clem's consent (or, for that matter, without complete diversity among the Defendants, or without a basis for federal question jurisdiction).

On November 8, 2012, Bollea filed his First Amended Complaint in the Initial Federal Action adding a federal claim for copyright infringement based on Bollea's acquisition of Todd Clem's copyrights in the underlying video, pursuant to the settlement between those parties. In the jurisdiction section of that First Amended Complaint, Bollea alleged federal question jurisdiction over the copyright claim and diversity jurisdiction over the remaining claims. *See* Initial Federal Action, No. 8:12-cv-2348-T-27TBM, Dkt. 42 at ¶¶ 23 & 24.

Faced with the prospect of two protracted litigations regarding the same underlying facts and seeking to consolidate those claims and defendants into a single action for purposes of efficiency and judicial economy, on December 28, 2012, Bollea filed a notice of voluntary dismissal without prejudice of his Initial Federal Action. He simultaneously filed a First Amended Complaint in the State Court Action, adding claims against the Gawker Defendants for

3

publication of private facts, invasion of privacy by intrusion upon seclusion, violation of Florida common law right of publicity, intentional infliction of emotional distress, negligent infliction of emotional distress, and violation of section 934.10, Florida Statutes. *See* Dkt. 2.

On January 2, 2013, Gawker filed its Notice of Removal. Dkt. 1. Gawker predicates its jurisdiction argument on a contention of fraudulent misjoinder, alleging that, despite the pendency of an active case against Heather Clem, Bollea only joined her to acquire state court jurisdiction over Gawker. Bollea now moves this Court to remand the action back to the Sixth Judicial Circuit Court in and for Pinellas County, Florida, because Gawker's arguments are wholly without merit and this Court lacks subject matter jurisdiction.

**II.      Analysis**

   **a.   The controlling law**

Title 28 U.S.C. § 1446 governs the procedure for removing a case from state court to federal court. As the removing party, Gawker bears the burden of showing removal was proper. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *see also Bank of New York Mellon Trust Co. NA v. Johnson*, No. 1:09-CV-00034-MP-AK, 2009 WL 3711567, at *2 (N.D. Fla. Nov. 4, 2009) ("the removing party (defendants) bear the burden of showing both federal jurisdiction and procedural compliance with the statutes governing removal"). Because removal jurisdiction raises significant federalism concerns, removal and jurisdictional statutes are **strictly construed against jurisdiction and in favor of remand**. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76-77 (1941); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). There is a **strong presumption against removal**, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938), and **every doubt concerning whether removal was proper should be**

4

**resolved in favor of remand**. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Finally, although a defendant has a statutory right in some situations to take advantage of the federal forum through removal, plaintiff is still the master of his or her claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### b. Since there is not complete diversity, there is no diversity jurisdiction.

#### i. Heather Clem is properly joined as a defendant to this action.

There is no dispute that the Defendants named in Bollea's First Amended Complaint, which was removed from State Court, are not completely diverse. *See* Dkt. 2. In addition, there is no dispute that Bollea filed his State Court Action against Heather Clem contemporaneously with the filing of the Initial Federal Action against the Gawker Defendants and not subsequently. Yet, Gawker argues as its basis for removal that Heather Clem was fraudulently misjoined for the purpose of defeating diversity jurisdiction. This argument, and its underlying assumptions of motive, is without merit.

"Fraudulent joinder" is a judicially created doctrine that provides an exception to the requirement of complete diversity in three instances: (1) where there is **no possibility** that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) where there is **outright fraud** in the plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability *and* the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

{BC00027313:1}

Gawker's allegation of fraudulent misjoinder is based on the third "fraudulent joinder" instance.[1]  *See* Notice of Removal, Dkt. 1 at ¶ 31.  This type of fraudulent joinder requires Gawker to show that Bollea engaged in "a purposeful attempt to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal, and where in reality there is **no sufficient factual nexus among the claims** to satisfy the permissive joinder standard provided under Rule 20 of the Federal Rules of Civil Procedure." *Stone v. Zimmer, Inc.*, No. 09-80252-CIV, 2009 WL 1809990, at *2 (S.D. Fla. June 25, 2009)(citing 14B, Wright & Miller, Federal Practice and Procedure § 3723 at 657; *Synder v. Davol, Inc.*, No. CV 07-1081-ST, 2008 WL 113902, at *8 (D. Or. Jan. 7, 2008))(emphasis added).

Rule 20(a)(2) allows permissive joinder of defendants as follows:

> Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the **same transaction, occurrence, or series of transactions or occurrences**; and (B) **any question of law or fact common to all defendants will arise in the action.**

Fed. R. Civ. P. 20(a)(2)(emphasis added).

Gawker argues that "Plaintiff has not alleged any joint action between the Gawker Defendants and Mrs. Clem, has not alleged any similar conduct by the Gawker Defendants and Mrs. Clem, and has not alleged any injuries caused jointly by both the Gawker Defendants and Mrs. Clem." *See* Notice of Removal, Dkt. 1 at ¶ 32.  This, however, is not the standard for determining proper joinder.  Joint action between the diverse and non-diverse defendants is not required.  Similar conduct by the diverse and non-diverse defendants also is not required.  And injuries caused jointly by the diverse and non-diverse defendants likewise are not required.

---

[1] This third type of fraudulent joinder is also referred to as "procedural misjoinder" and "fraudulent misjoinder." 14B Wright & Miller, Federal Practice and Procedure § 3723 (4th ed. 2009).

6

Instead, qualifying for an exception to the complete diversity requirement requires the Court to find that there is no joint, several or alternative liability between the diverse and non-diverse defendants *and* the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant, i.e., **no question of law or fact common to all defendants**. *See Tapscott*, 77 F.3d at 1360; Fed. R. Civ. P. 20(a)(2).  As explained below, *neither* of these necessary prongs has been met, nor can it be met, by Gawker.

The first necessary prong cannot be satisfied by Gawker because there *is* joint, several or alternative liability between the Gawker Defendants and Heather Clem.  Where the tortfeasors' conduct combines to cause a single injury, the conventional definition of "joint and several" liability is met. *See Stone*, 2009 WL 1809990, at *3.  "In Florida, 'joint and several' liability refers to the ability of a plaintiff to sue one or more of the parties to liability separately, or altogether at his option." *Id.* at *3 n.1.  "'Joint tortfeasors' are defined as '[t]hose who act together in committing wrong, *or whose acts if independent of each other, unite in causing single injury.'*" *Id.* (quoting *Ass'n for Retarded Citizens-Volusia, Inc. v. Fletcher*, 741 So.2d 520, 529 n.3 (Fla. 5th DCA 1999) (citing Black's Law Dictionary 752-53 (5th ed. 1979)) (emphasis added).  Heather Clem's secret recording of Bollea naked and engaged in private consensual activity, and her actions which caused the Gawker Defendants' to acquire that video and audio footage, and the Gawker Defendants' posting of the video and audio footage, all combined to result in the injuries alleged in the operative First Amended Complaint.

Accordingly, there *is* joint, several or alternative liability among the diverse defendants and the non-diverse defendant.  Because the first prong cannot be satisfied, Gawker is not entitled to an exception to the complete diversity requirement.

7

The second necessary prong of procedural misjoinder also cannot be met by Gawker. The two prongs are phrased in the conjunctive, that is, "and" the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. Here, the claims against the diverse defendants and the non-diverse defendant are inextricably intertwined and involve questions of law or fact common to all of the defendants. The operative First Amended Complaint alleges that Heather Clem took part in the surreptitious videotaping of Bollea naked and engaged in private sexual relations in a private bedroom, and that, by Heather Clem's actions, Gawker came to acquire that video and then posted it to the Internet at Gawker.com. Dkt. 2 at ¶ 27 ("Gawker Defendants, based on the actions of Clem and others, obtained a copy of the secretly-filmed recording depicting Mr. Bollea naked and engaged in sexual relations with Clem."); ¶ 39 ("Clem further violated Plaintiff's right of privacy by disclosing the secretly-filmed video to third parties, which then resulted in excerpts of the secretly-filmed video being posted on the Gawker Site."); ¶ 50 ("Clem disclosed or caused to be disclosed to third parties the contents of the secretly-filmed video…."). Discovery against both Heather Clem and the Gawker Defendants will reveal the specific actions that Heather Clem took which allowed the Gawker Defendants to obtain the video. It may well be the case that the Gawker Defendants *paid* Heather Clem (either directly or through an intermediary) for the delivery of the video. Whatever Heather Clem's and the Gawker Defendants' specific involvement with one another, Bollea has valid claims against all such named defendants (Heather Clem and the Gawker Defendants), and his claims **arise out of the same "series of occurrences" and there are questions of law and fact common to all defendants**, thus satisfying the standard under Rule 20(a)(2) for permissible joinder. Accordingly, *neither* of the

8

two necessary prongs can be met, and Gawker cannot establish diversity jurisdiction based on fraudulent misjoinder.

Gawker cites to *Stone*, 2009 WL 1809990, in support of its argument that if Bollea suffered any legally cognizable injuries at the hands of either the Gawker Defendants or Heather Clem, it was as a consequence of distinct and independent conduct that was separated by roughly six years. *See* Notice of Removal, Dkt. 1 at ¶ 33. In *Stone*, the plaintiff sued the manufacturer of a hip replacement which fractured after implantation and the doctor who treated him for pain but failed to diagnose the fracture. *Stone*, 2009 WL 1809990. The court held that a products liability claim against the manufacturer and a professional negligence claims against the doctor were misjoined because the faulty hip implant and the delay in surgery caused by the doctor's negligence caused two distinct injuries which required different forms of proof. *Id.* at *4.

However, in decisions more analogous to the case at bar, courts commonly find joinder to be proper in malpractice claims against surgeons implanting a medical device joined with a product liability claim against the manufacturer of that device. *See, e.g., Shreffler v. Philippon*, 873 So.2d 1280 (Fla. 4th DCA 2004) (malpractice complaint against orthopedic surgeon joined the products case against manufacturer of motorized shavers that surgeon used during hip arthroscopy); *Ash v. Providence Hosp.*, No. 08-0525-WS-M, 2009 WL 424586 (S.D. Ala. Feb. 17, 2009) (no misjoinder in suit combining products liability claim against manufacturer of heparin and doctor who performed heart catheterization and coronary bypass procedure during which plaintiff was administered heparin); *Greene v. Novartis Pharm. Corp.*, No. 7:07-CV-91-HL, 2007 WL 3407429 (M.D. Ga. Nov. 14, 2007) (products liability claim against pharmaceutical manufacturer of eczema prescription joined with medical malpractice claim against physician that prescribed the product for patient under age of two).

9

Here, Heather Clem is analogous to the manufacturer and the Gawker Defendants are akin to the surgeon. Heather Clem's secret recording of Bollea naked and engaged in private consensual sexual activity, and her activities which allowed the Gawker Defendants to obtain the video and audio footage, and to post it to the Internet, resulted in the injuries alleged in the First Amended Complaint. The hub of the wheel driving Bollea's claims is the video and audio footage. Its recording, delivery to the Gawker Defendants, and posting on the Gawker website, present a **series of related transactions and occurrences**. Like the plaintiffs in the products liability and malpractice claims cases, though Bollea asserts multiple theories for recovery in the First Amended Complaint against both Heather Clem and the Gawker Defendants, those theories are logically related and involve related questions of fact.

Gawker also cites to *Tapscott* in support of its argument regarding fraudulent misjoinder. *Tapscott*, however, is easily distinguishable from the case bar. *Tapscott* involved two separate classes of plaintiffs: one was made up of a group of Alabama citizens who had filed claims related to sales of automobile service contracts against a group of defendants all of whom were also citizens of Alabama and the other involved different plaintiffs who, like the plaintiffs in the first class, were all Alabama citizens. The second class defendant, however, was a North Carolina citizen. The claims involved in the second class involved sales of retail products, but not the sales of automobile service contracts. No plaintiff in the first class had a claim against the defendant in the second class, and no plaintiff in the second class had any claim against any of the defendants in the first class. The claims of the two plaintiff classes bore absolutely no relationship to one another other than the statutory section under which both claims were brought. The Eleventh Circuit found that, there being no "real connection" between the two controversies, the "misjoinder" was egregious so as to constitute "fraudulent misjoinder."

*Tapscott*, 77 F.3d at 1360.  In the instant case, Bollea, a solitary plaintiff, asserts claims against all the defendants that, in some instances, share a common statutory section but that also all otherwise share a "real connection" as discussed above.

### ii.  The motivation for joining Heather Clem is irrelevant.

Gawker's accusation and assumption that Bollea is forum shopping in search of more favorable rulings is both misplaced and irrelevant.  *See* Notice of Removal, Dkt. 1 at ¶¶ 1, 12, 29 & 34.  Bollea's decision to consolidate his two related actions related to efficiency and managing the attorneys' fees involved in simultaneously conducting two related cases requiring the same discovery in separate forums.  Even so, the motive of the plaintiff, taken by itself, does not change or affect a defendant's ability to remove.  *See Triggs*, 154 F.3d at 1291 (citing *Chicago, Rock Island & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193 (1913)).  "Supreme Court precedent is clear that a plaintiff's motivation for joining a defendant is not important as long as the plaintiff has the intent to pursue a judgment against the defendant." *Id.* at 1291.  "'If there is a joint liability, [the plaintiff] has an absolute right to enforce it, whatever the reason that makes him wish to assert the right.'"  *Id.* (quoting *Schwyhart*, 227 U.S. at 193)); *accord Chicago, Rock Island & Pac. Ry. Co. v. Whiteaker*, 239 U.S. 421, 425 (1915)("to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right"); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962)[2]; *Lujan v. Girardi § Keese*, No. 09-00017, 2009 WL 5216906, at *7 (D. Guam Dec. 29, 2009)(when adjudicating a claim of fraudulent joinder, the plaintiff's motive for the joinder is immaterial).

---

[2] The case law of the Fifth Circuit prior to September 30, 1981 has been adopted as precedent in this judicial circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

11

{BC00027313:1}

There is joint, several or alternative liability in the claims against the Defendants, and Bollea has a right to enforce that liability.  In addition, the claims against Heather Clem have a clear and undeniable connection to the claims against the Gawker Defendants.  Further, nothing in this case suggests an absence of a real intention on Bollea's part to obtain a judgment against Heather Clem.  The fact that Bollea initiated a separate State Court Action against both Heather Clem and Todd Clem on the very same day he filed the Initial Federal Action alone should suffice to prove the seriousness of the State Court Action.  Early on in the litigation, when Bollea was hopeful that he would be able resolve his case against Heather Clem, just as he had done with her co-defendant, Todd Clem, joinder did not make sense.  However, after months of failed attempts to settle with Heather Clem, and the obvious conclusion that the dispute between Bollea and Heather Clem will not settle in the foreseeable future, and instead may well go to trial, the consolidation of the two related actions became entirely appropriate, for purposes of efficiency and judicial economy.

Because Gawker is unable to meet its burden of establishing that there is no **colorable ground** for a joint action against Heather Clem and the Gawker Defendants (*Triggs*, 154 F.3d at 1291), this action should not have been removed, and it, therefore, should now be remanded.

### c.  Since there is no federal claim alleged in the First Amended Complaint, there is no federal question jurisdiction.

#### i.  No federal claim is being alleged.

The rules for determining whether a controversy "arises under" federal law, thereby creating federal question jurisdiction, are well established.  First, federal law must be an "essential" element of the plaintiff's cause of action.  *Schultz v. Coral Gables Fed. Sav. & Loan Ass'n*, 505 F. Supp. 1003, 1008 (S.D. Fla. 1981) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109,

112 (1936)).  Second, the federal question that is the predicate for removal "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  *Id.* (quoting *Gully*, 299 U.S. at 113).  As a general rule then, plaintiff's state court pleadings control removability.  Third, the federal question may not be inferred from a defense asserted or one expected to be made.  Fourth, the federal question raised must be a "substantial" one.  Fourth, the party seeking removal bears the burden of satisfying each of these preconditions.  *Id.*

Gawker contends that Bollea has asserted a cause of action arising under the U.S. Constitution and points to paragraph 67 of Bollea's First Amended Complaint, which, in pertinent part, reads "Gawker Defendants, without Plaintiff's consent and against Plaintiff's will, have grossly invaded Plaintiff's protected rights of privacy as recognized under the United States Constitution, Florida Constitution, and applicable common law, by obtaining, watching and editing the secretly recorded video and audio footage involving Plaintiff Clem...."  Dkt. 2 at ¶ 67.  Gawker also references paragraph 6, which reads "Defendants' malicious conduct violates Plaintiff's constitutional and common law privacy rights and publicity rights, and exceeds all bounds of human decency."  Dkt. 2 at ¶ 6.  Gawker further asserts that paragraph 3 of Bollea's Prayer for Relief section in the First Amended Complaint, which seeks an order "transferring to Plaintiff all of Defendants' right, title and interest in and to the secretly-recorded video and audio footage," is governed by the Copyright Act, 17 U.S.C. § 301.  Dkt. 2 at ¶ 3.  These vague statements in the operative First Amended Complaint do not confer federal question jurisdiction.

A passing reference to federal law within a state law cause of action is insufficient to support removal based on federal question jurisdiction. *Rabinowitz v. Benson,* No. 92 Civ. 6026 (LMM), 1992 WL 309808, at *1 (S.D.N.Y. Oct. 9, 1992) (holding removal improper where the "complaint made only a vague reference to federal law, without specifically alleging a cause of

13

action" under federal law); *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 694 (5th Cir.1995) ("subject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can be created only by pleading a cause of action within the district court's original jurisdiction"); *Shelley's Total Body Works v. City of Auburn,* No. C07-126P, 2007 WL 765205, at *3 (W.D. Wash. Mar. 9, 2007) ("the Court cannot find that the vague and passing references to federal law in Plaintiffs' complaint are sufficient to support removal"); *Casey v. Midwest Title Serv., Inc.,* No. 06-CV-0435-CVE-FHM, 2006 WL 2862457, at *2 (N.D. Okla. Oct. 4, 2006) ("Vague references to federal law in the complaint and notice of removal will not suffice to create federal question jurisdiction"); *Maguire v. Telcom Global Solutions, Inc.,* No. Civ.A.3:02-CV-1728-G, 2003 WL 124475, at *3 (N.D. Tex. Jan. 10, 2003) ("vague reference to federal law is simply insufficient to satisfy [defendant's] burden of establishing that this case involves a federal question"); *Matthews v. Stewart,* 207 F.Supp.2d 496, 499 (M.D. La. 2001) ("a passing reference to federal laws is insufficient to confer jurisdiction."); *see also Peele v. Enter. Leasing Co. of Norfolk/Richmond,* 979 F. Supp. 1069, 1071–73 (E.D. Va. 1997) (remanding case where plaintiff cited Americans with Disabilities Act and Virginia law to establish public policy). Moreover, merely invoking a phrase such as "due process" will not, without more, open the doors to federal court. *See Daggett v. Key,* 123 Fed. App'x 721, 723 (7th Cir. 2005) (affirming dismissal for lack of subject-matter jurisdiction where plaintiff did "nothing more than apply the words 'due process' and 'conspiracy' to what are plainly state claims"); *Warrington Sewer Co. v. Tracy,* 463 F.2d 771, 772 (3d Cir. 1972) ("A bare allegation of violation of the due process clause of the Fourteenth Amendment is not sufficient to confer federal jurisdiction"); *McGee v. Town of Rockland Zoning Bd.,* 863 F. Supp. 2d 108, 110 (D. Mass. 2012) (remanding case for lack of subject-matter jurisdiction because plaintiff's "incantation of the catchall concept of 'due

14

process' does not magically transform it into a matter of federal law warranting review by a federal court").

Bollea's **singular mention** of the U.S. Constitution within his **Florida state cause of action** for invasion of privacy by intrusion upon seclusion is wholly insufficient to confer federal question jurisdiction. *Warthman v. Genoa Twp. Bd. of Trustees,* 549 F.3d 1055, 1064 (6th Cir. 2008) ("A reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or, as in [plaintiff]'s case, simply supports an element of a state claim"); *W.L.D. v. Ky. High Sch. Athletic Ass'n,* No. 5:10-CV-241-KSF, 2010 WL 4696860, at *3 (E.D. Ky. Nov. 10, 2010) (remanding case for lack of subject matter jurisdiction where "[p]laintiffs specifically relied upon two sections of the Kentucky Constitution and referenced the federal constitution only in passing"); *Julien v. Meyers,* No. 4:09-CV-613CAS, 2009 WL 1382953, at *4 (E.D. Mo. May 14, 2009) (remanding case because "[p]laintiff's limited reference to the federal constitution in the Petition similarly does not confer federal question jurisdiction in this case").

This position is further supported by the fact that Bollea has only alleged diversity of citizenship as the basis of jurisdiction for all his claims filed in the Initial Federal Action, with the exception of the now-dismissed copyright claim added in the First Amended Complaint for which he alleged federal question jurisdiction. *See* Initial Federal Action, No. 8:12-cv-2348-T-27TBM, Dkt. 1 at ¶ 21 & Dkt. 42 at ¶¶ 23 & 24. Clearly, Bollea has only ever intended to utilize state law as the basis for his privacy tort claims. Similarly, Gawker, in its Motion to Dismiss filed shortly after its Notice of Removal, recognizes that the privacy tort of intrusion claim is brought pursuant to state law only. *See* Gawker's Motion to Dismiss, Dkt. 10 at p. 15 (citing to and discussing only Florida cases or federal cases applying Florida law regarding privacy tort of

15

{BC00027313:1}

intrusion); *see also, e.g., Stasiak v. Kingswood Co-op, Inc.*, Case No. 8:11-cv-1828-T-33MAP, 2012 WL 527537, at *2 (M.D. Fla. Feb. 17, 2012) ("Florida recognizes three categories of privacy torts: (1) appropriation, (2) intrusion, and (3) public disclosure of private facts") (citing *Oppenheim v. I.C. Sys., Inc.*, 695 F. Supp. 2d 1303, 1308 (M.D. Fla. 2010)).  Federal question jurisdiction may not be sustained on a theory that the plaintiff has not advanced. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

If a plaintiff's claim is not federally created, removal is improper unless resolution of his claim necessarily turns on a substantial question of federal law or his claim is "really" a federal law claim. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983), *superseded by statute on other grounds*, 28 U.S.C. § 1441(e).  It is not necessary for a court hearing Bollea's intrusion claim to resolve a substantial, disputed question of federal law; consequently, his claim is not removable.  The fact that Gawker raises the First Amendment as a defense to Bollea's claims is irrelevant.  A federal question may not be inferred from a defense asserted or one expected to be made. *Id.* at 10-11; *Schultz*, 505 F. Supp. at 1008 (citing *Gully*, 299 U.S. at 113).  "'Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question cannot create removal jurisdiction. Thus, the case may not be removed into federal court on the ground of a federal question defense alone, even if that defense is valid.'" *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 n. 20 (11th Cir. 2010) (quoting *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997)).

Finally, Gawker's assertion that paragraph 3 of Bollea's Prayer for Relief section in the First Amended Complaint, which seeks an order "transferring to Plaintiff all of Defendants' right, title and interest in and to the secretly-recorded video and audio footage" is governed by

16

the Copyright Act, 17 U.S.C. § 301, and confers federal question jurisdiction similarly fails. Dkt. 2 at p. 24, ¶ 3.  Bollea, as master of his complaint, does not allege a copyright infringement claim as was previously alleged in the First Amended Complaint in the Initial Federal Action. Bollea no longer seeks relief pursuant to the Copyright Act and does not cite to nor mention the Copyright Act.  Paragraphs 3 through 6 of the Prayer for Relief section of Bollea's First Amended Complaint all seek some form of relief regarding the secretly-recorded video and audio footage including, but not limited to, turning over to Bollea all copies of the video and audio footage and enjoining defendants from any and all distributing, disseminating, publishing, displaying or posting the video and audio footage.  *See* Dkt. 2 at. p. 24-25, ¶¶ 3-6.  If the relief sought in paragraph 3, *i.e.*, an order transferring to Plaintiff all of Defendants' "right, title and interest in and to the secretly-recorded video and audio footage" is not available pursuant to the claims alleged in Bollea's First Amended Complaint, then Bollea will not be entitled to such relief.  The use of the words "right, title and interest," without more, does not transform the prayer for relief into a claim for copyright infringement.

Gawker cites to the case of *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 866-67 (11th Cir. 2008), as an example of a lawsuit seeking adjudication of intellectual property ownership rights and thereby raising a federal question under the Copyright Act.  This case is easily distinguishable, however, because it dealt with a declaratory judgment action in which the court had to analyze the assumed coercive action by the declaratory judgment defendant to determine whether, absent availability of declaratory relief, the case could nonetheless have been brought in federal court.  The court discussed the fact that the plaintiff sought a declaratory judgment and related relief pursuant to 17 U.S.C. § 117 of the Copyright Act. "Because the only rights that [the plaintiff] seeks to have declared are in the nature of

17

defenses to an infringement suit, it follows that the only hypothetical coercive action by [defendant] that is contemplated by this particular complaint is a suit in the nature of an infringement suit." *Id.* at 866. The court ultimately held that the district court lacked subject matter jurisdiction over the declaratory judgment action because the copyright had not been registered. *Id.* at 867. Unlike the facts found in *Stuart Weitzman* where the Copyright Act is affirmatively referenced, there is no claim alleged or relief sought pursuant to the Copyright Act in Bollea's First Amended Complaint. *See* Dkt. 2.

Vague references to federal law in a complaint will not suffice to create federal question jurisdiction, especially when the defendant has the burden to prove that federal subject matter jurisdiction exists and when any doubts must be resolved against removability. A review of the First Amended Complaint and the Notice of Removal reveals that federal question jurisdiction is not present, and the case must be remanded to state court.

### ii. Heather Clem's consent to removal based on federal question jurisdiction is required.

There are two statutory grounds for remanding a removed case: (1) lack of subject matter jurisdiction; or (2) a procedural defect in removal of the case. 28 U.S.C. § 1447(c). The rule of unanimity in removal requires that in cases involving multiple defendants, all defendants who have been served must join in or assent to the removal petition. *See* 28 U.S.C. § 1446(b)(2)(A); *Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1402 (S.D. Fla. 2008) (citing *Trigg*, 154 F.3d at 1287). Lack of unanimity among defendants to remove the case is a procedural defect and grounds for remand to the state court. *See id.; see also Russell Corp.*, 264 F.3d at 1044.

Gawker contends that the consent of fraudulently joined parties is not required in the context of removal based on federal question jurisdiction. *See* Notice of Removal, Dkt. 1 at ¶ 43.

18

While this general proposition of law is accurate,[3] Gawker fails to mention that the standard for determining whether a party was fraudulently joined for purposes of defeating federal question jurisdiction is different than the standard for determining fraudulent joinder for purposes of diversity of citizenship jurisdiction.

> [A]n allegation of fraudulent joinder of a non-diverse or in-state defendant in a case removed on the basis of diversity, on the one hand, is different in character than an allegation of fraudulent joinder of a diverse defendant or in a federal question case on the other. In the former, the plaintiff's very act of joining the non-diverse or in-state defendant creates an impediment to removal under the plain language of the removal statutes. However, where a diverse or out-of-state defendant is allegedly fraudulently joined (or where fraudulent joinder as alleged in a federal question case), the impediment to proper removal is not the plaintiff's joinder of that defendant but rather that defendant's lack of consent – a circumstance which is generally beyond the plaintiff's control. Thus, in such cases, an allegation of collusion between the plaintiff and the non-consenting defendant is typically made.

*Hauck v. Borg Warner Corp.*, No. 6:04CV1835 ORL 28DAB, 2006 WL 2927559, at *6 (M.D. Fla. Oct. 12, 2006).

In other words, if this Court were to determine that Heather Clem was not fraudulently joined in order to defeat diversity of citizenship jurisdiction and that there was a federal question disclosed on the face of Bollea's First Amended Complaint, the Court would need to engage in a separate analysis to determine whether Heather Clem was fraudulently joined for purposes of defeating federal question jurisdiction and, as such, her consent to removal was not necessary.

"To establish fraudulent joinder in cases of federal question jurisdiction, the removing party must prove one of two options: (1) there is no possibility the plaintiff can establish a cause of action against the non-consenting defendant; **or** that (2) plaintiff colluded with the non-consenting defendant to defeat removal." *Diaz*, 567 F. Supp. 2d at 1402-03 (citing *Hauck*, 2006

---

[3] "Though it appears the Eleventh Circuit has not conclusively ruled on the issue, courts have held that the rationale for the doctrine of fraudulent joinder applies with equal force in the context of removal based on federal question jurisdiction." *Diaz*, 567 F. Supp. 2d at 1402 n.28.

19

{BC00027313:1}

WL 2927559, at *5; *In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 118 (D. Mass 2006); *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1156 (N.D. Cal. 2003)).  In order to establish the first option, **a removing defendant must prove by "clear and convincing evidence" that there is no possibility that plaintiff can establish a cause of action against the non-consenting defendant**. *Id.* at 1403 (citing *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1283 (11th Cir. 2006)).  "In this context, 'fraudulent joinder' is a legal term of art that focuses on the viability of the cause of action against the defendant in question, not on the integrity of the parties in bringing the action." *Id.* (citing *Parks*, 308 F.2d at 478).  In the case at bar, Bollea clearly can establish a cause of action against Heather Clem, the non-consenting defendant, and Gawker does not contend otherwise.  Further, Gawker has not alleged collusion, the second option under the fraudulent joinder test.

Accordingly, Gawker has failed to establish that Heather Clem was fraudulently joined so as to defeat the federal question jurisdiction being alleged.  As such, even if this Court were to find federal question jurisdiction, Bollea is entitled to remand based on the procedural defect in the removal of the case, namely, the lack of Heather Clem's consent to the removal.  *See* 28 U.S.C. §§ 1446(b)(2)(A) & 1447(c); *see also Russell Corp.*, 264 F.3d at 1044.

## III.    Conclusion

Gawker, as the removing party, has failed to meet its heavy burden of establishing that removal was proper. Resolving all disputed questions of fact in favor of Bollea and all doubts regarding the existence of the subject matter jurisdiction in favor of remand, Heather Clem's inclusion as a defendant in this action does not constitute fraudulent misjoinder. Therefore, complete diversity is lacking in this case. Likewise, this action does not involve a federal question. Accordingly, this Court lacks subject matter jurisdiction over this case.  Bollea

20

respectfully requests that this Court remand this case back to the Sixth Judicial Circuit Court in and for Pinellas County, Florida.

Dated: January 22, 2013

Respectfully submitted,

/s/ Christina K. Ramirez
Kenneth G. Turkel
Florida Bar No.: 0867233
Email: kturkel@bajocuva.com
Christina K. Ramirez
Florida Bar No.: 0954497
Email: cramirez@bajocuva.com
BAJO CUVA COHEN & TURKEL, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax:(813) 443-2193

Charles J. Harder
Email: CHarder@HMAfirm.com
Harder Mirell & Abrams LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067
Tel: (424) 203-1600
Fax: (424) 203-1601
**Attorneys for Terry Gene Bollea**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to all persons registered to receive notice via the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

/s/ Christina K. Ramirez
Attorney

21

{BC00027313:1}