UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRY GENE BOLLEA** professionally
known as **HULK HOGAN**,

       Plaintiff,                         Case No.  8:13-cv-001-T-26AEP

vs.

**HEATHER CLEM; GAWKER MEDIA LLC**       **DISPOSITIVE MOTION**
et al.,

       Defendants

_____/

### DEFENDANT, HEATHER COLE'S, MOTION TO DISMISS
### FIRST AMENDED COMPLAINT

    Defendant, HEATHER CLEM (now known as "HEATHER COLE" and referred to herein

as such), by and through her undersigned attorneys and pursuant to Rule 12(b)(6) Fed. R. Civ. P.,

hereby moves for the dismissal of the First Amended Complaint filed against her in the above-

styled matter and states:

    1.  Plaintiff's First Amended Complaint asserts alleged causes of action based on the release

and publication of a videotape depicting Plaintiff and HEATHER COLE engaging in consensual

sexual relations.[1]  Plaintiff alleges that an "edited" version of the video together with a narrative

was published on the Internet by GAWKER MEDIA and others (collectively referred to herein and

_____

[1] Plaintiff previously attempted to assert a cause of action against the Gawker Defendants, *Bollea v. Gawker Media, LLC*, No. 8:12-cv-02348-JDW-TBM (M.D. Fla. 2012), which Plaintiff voluntarily dismissed after this Court denied injunctive relief. *Bollea v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. 2012).  HEATHER COLE was added as a Defendant in Plaintiff's attempt to re-file his action in state court but the case was then removed by Gawker back to this Court. Gawker has filed a Motion to Dismiss (Doc. 10) which provides details of the prior procedural history of this case and also asserts First Amendment grounds in support of dismissal.  Rather than repeat those allegations and argument, HEATHER COLE adopts and incorporates those applicable facts and additional grounds for dismissal asserted in Gawker's motion as if fully set forth herein.

in the First Amended Complaint as the "Gawker Defendants"). It is alleged that HEATHER COLE "disclos[ed] the secretly-filmed video to third parties." (First Amended Complaint ¶39). The "third parties" referenced in the First Amended Complaint are never identified or otherwise named - as parties or otherwise - nor is the date or the means by which the video was alleged to have been disseminated to GAWKER identified or alleged at all. There are no allegations whatsoever concerning the alleged role of HEATHER COLE in the dissemination or publication of the video. There are no allegations that HEATHER COLE at any time had custody or control of the video; no allegations other than "in or about 2006" (First Amended Complaint ¶26) as to when the video was allegedly made or under what circumstances; no allegations as to when the video was allegedly given to any unknown "third parties' or when and how it was subsequently provided to Gawker or what role, if any, that HEATHER COLE may have had in any of these circumstances. The only substantive allegation relating to HEATHER COLE is that she can be identified on the video excerpt as having been a participant with the Plaintiff.

2. As a matter of both fact and law, the allegations of the Complaint fail to state any cause of action against HEATHER COLE and, as such, the Complaint must be dismissed.

3. The Complaint purports to allege causes of action against HEATHER COLE for "Invasion of Privacy by Intrusion upon Seclusion Against Defendant Heather Clem" (Count One); "Publication of Private Facts Against Defendant Heather Clem" (Count Two); "Intentional Infliction of Emotional Distress Against All Defendants" (Count Six); "Negligent Infliction of Emotional Distress Against All Defendants" (Count Seven); and "Violation of Section 934.10, Florida Statutes Against All Defendants" (Count Eight). Counts Three, Four and Five are against the Gawker Defendants and are not applicable to HEATHER COLE. Each of the counts alleged against HEATHER COLE fails under applicable Florida law.

4. Counts One and Two, "Invasion of Privacy by Intrusion Upon Seclusion" (Count One) and "Publication of Private Facts" (Count Two) are causes of action based on the common law tort of invasion of privacy or 'false light" which is not recognized as a viable cause of action in Florida. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098 (Fla. 2008). It is likely that the tort does not survive at common law either after the United States Supreme Court's decision in *Florida Star v. B.J.F.*, 491 U.S. 524 (1989). The *Florida Star* decision, in the words of Justice White, "obliterate[ed] the tort of publication of private facts. *Id.* at 500.

5. Counts Six and Seven, intentional and negligent infliction of emotional distress, respectively, also fail under Florida law. In order to support a cause of action for the intentional infliction of emotional distress (Count Six), the defendant must have acted recklessly or intentionally. *Johnson v. State Dept. of HRS*, 695 So. 2d 927 (Fla. 1997). Additionally, the conduct complained of must be so extreme and atrocious as to be utterly intolerable in any civilized society. *Allen v. Walker*, 810 So. 2d 1090, 1091 (Fla. 4th DCA 2002). This determination is one of law for the Court and not a question of fact. *Gandy v. Trans World Computer Tech Group*, 787 So. 2d 116, 119 (Fla. 2d DCA 2001); *Nickerson v. HSNi, LLC*, 2011 WL 3584366 *3 n.4 (M.D. Fla. 2011); *Vance v. S. Bell Tel & Tel. Co.*, 983 F. 2d 1573, 1575 n.7 (11th Cir. 1993). Specific factual allegations are required. Conclusory allegations merely stating that there was "intentional misconduct" and that such conduct was "designed and intended" to cause severe emotional distress are insufficient. *Lockhardt v. Steiner Mgmt. Servs., LLC*, 2011 WL 1743766 *3 (S.D. Fla. 2011); *Nickerson* 2011 WL 3584366. The cases where conduct has been found to meet the outrageousness standard typically involve some level of physical contact, severely threatening behavior, or extreme abuse of power. *See Johnson v. Thigpen*, 788 So. 2d 410, 412 (Fla. 1st DCA 2001). Insults, indignities and false accusations, without more, have been deemed insufficient to meet the outrageousness standard for this tort. *See U.S. v. Degayner*, 2008 WL 2439882 (M.D. Fla. 2008);

*Williams v. Worldwide Flight Serv., Inc.*, 877 So. 2d 869 (Fla. 3d DCA 2004).  The Plaintiff's First Amended Complaint in the present case makes no allegations whatsoever concerning any specific actions of HEATHER COLE beyond identifying her as an alleged participant in the video, having been "involved in filming" (First Amended Complaint ¶26) and stating that the Gawker Defendants obtained a copy of the video "based on the actions of Clem and others" (First Amended Complaint ¶27).  No substantive allegations are made against HEATHER COLE.  Absent such allegations, no cause of action for intentional infliction of emotional distress is stated.

6.   Similarly, Count Seven also fails to sufficiently allege a claim for the Negligent Infliction of Emotional Distress (Count Seven).  A claim for the negligent infliction of emotional distress requires that the Plaintiff satisfy the impact rule or a physical manifestation of injury not alleged or available to Plaintiff in the present case.  The "impact" is required as a guarantee that the mental distress is genuine.  The impact rule, as applied in Florida, requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995).  An impact or contact must occur during the negligent event causing mental distress *or* there must be an objectively discernible ***physical*** manifestation of the psychological trauma experienced as a result of the event. *Willis v. Gami Golden Glades LLC*, 967 So. 2d 846 (Fla. 2007).   Without impact, there must be allegations of "serious injury." *Nickerson*, 2011 WL 3584366 *2.  "The physical injury necessary to establish a claim for negligent infliction of emotional distress absent an "impact" is an "injury such as death, paralysis, muscular impairment, or similarly objectively discernible physical impairment." *Id. citing Brown v. Cadillac Motor Car Div.*, 468 So. 2d 903, 904 (Fla. 1985).  Even such claims as "headaches, diabetes, sleep apnea, stress, insomnia, loss of appetite, hair loss, and bowel trouble," are insufficient "injuries" to support a claim for negligent infliction of emotional distress. *Elliot v. Elliot*, 58 So. 3d 878, 882

(Fla. 1st DCA 2011); *Nickerson*, 2011 WL 3584366 *2 n.3. Obviously, Plaintiff has not and cannot allege a cause of action for negligent infliction of emotional distress against HEATHER COLE.

7. Lastly, Plaintiff in Count Eight, seeks to maintain an action under Section 934.10, Florida Statutes. Under Florida law, however, this claim fails as well. There is no allegation in the First Amended Complaint that any oral communications were recorded or were published. Absent such allegation, Plaintiff cannot maintain any action under § 934.10. *See Minotty v. Baudo*, 42 So. 3d 824 (Fla. 4th DCA 2010) (interception of video images does not violate statute regarding interception of wire, oral or electronic communications).

8. None of the Counts One, Two, Six, Seven or Eight in Plaintiff's First Amended Complaint can be maintained as alleged against HEATHER COLE and should therefore be dismissed.

WHEREFORE, Defendant, HEATHER COLE, respectfully prays for the entry of an order dismissing the First Amended Complaint.

Dated: January 25, 2013

Respectfully submitted,

BARRY A. COHEN, ESQ.
Florida Bar No.: 0096478
bcohen@tampalawfirm.com
MICHAEL W. GAINES, ESQ.
Florida Bar No. 775614
mgaines@tampalawfirm.com
D. KEITH THOMAS, ESQ.
Florida Bar No.: 0818720
dkthomas@tampalawfirm.com
The Cohen Law Group, PA
201 East Kennedy Boulevard, Suite 1000
Tampa, Florida 33602
(813) 225-1655 (Telephone)
(813) 225-1921 (Facsimile)
thecohenlawgroup@tampalawfirm.com
nferdig@tampalawfirm.com
Attorneys for Defendant, Heather Clem

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of January 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send electronic notice to the following:

> **Charles J. Harder, Esquire**
> **Christina K. Ramirez, Esquire**
> **Kenneth George Turkel, Esquire**
> **Cameron A. Stracher, Esquire**
> **Gregg Darrow Thomas, Esquire**
> **Paul J. Safier, Esquire**
> **Rachel E. Fugate, Esquire**
> **Seth D. Berlin, Esquire**

BARRY A. COHEN, ESQ.
Florida Bar No.:  0096478
bcohen@tampalawfirm.com
MICHAEL W. GAINES, ESQ.
Florida Bar No. 775614
mgaines@tampalawfirm.com
D. KEITH THOMAS, ESQ.
Florida Bar No.:  0818720
dkthomas@tampalawfirm.com
The Cohen Law Group, PA
201 East Kennedy Boulevard, Suite 1000
Tampa, Florida 33602
(813) 225-1655 (Telephone)
(813) 225-1921 (Facsimile)
thecohenlawgroup@tampalawfirm.com
nferdig@tampalawfirm.com
Attorneys for Defendant, Heather Clem