UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TERRY GENE BOLLEA, professionally known as HULK HOGAN,<br><br>  Plaintiff,<br><br>v.<br><br>HEATHER CLEM; GAWKER MEDIA LLC aka GAWKER MEDIA; GAWKER MEDIA GROUP, INC. aka GAWKER MEDIA; GAWKER ENTERTAINMENT, LLC; GAWKER TECHNOLOGY, LCC; GAWKER SALES, LLC; NICK DENTON; A.J. DAULERIO; KATE BENNERT; BLOGWIRE HUNGARY SZELLEMI ALKOTAST HASZNOSITO KFT, aka GAWKER MEDIA,<br><br>  Defendants. | Case No. 8:13-cv-0001-T-27AEP |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Terry Gene Bollea, professionally known as "Hulk Hogan" ("Bollea" or the "Plaintiff"), hereby responds to the Motion of Heather Clem (now known as "Heather Cole") ("Clem", "Cole", or the "Defendant") to Dismiss Plaintiff's First Amended Complaint (the "FAC") for Failure to State a Claim, dated January 25, 2013 (Dkt. 22) (the "Motion" or "Mot."), and respectfully requests that the Motion be denied.

**I.  INTRODUCTION**

Plaintiff Terry Bollea first requests that the Motion be denied on grounds that the Court lacks jurisdiction of this action because the Gawker Defendants did not have proper grounds to remove the action from Florida state court to the U.S. District Court. Mr. Bollea incorporates herein by reference the points and authorities set forth in his pending Motion to Remand filed on

1

{BC00028262:1}

January 22, 2013. Should the Court deny Mr. Bollea's Motion to Remand and retain jurisdiction, Mr. Bollea responds to the substance of Ms. Cole's Motion to Dismiss as follows:

*First*, Ms. Cole is at the center of this case. Mr. Bollea's FAC explains how Ms. Cole orchestrated the set-up that put Mr. Bollea in Ms. Cole's private bedroom without his clothes on, secretly videotaped him engaging in private, sexual affairs with her in violation of Florida's video voyeurism law, and facilitated the widespread, completely unauthorized and unlawful, distribution of the video of their encounter. *See, e.g.*, FAC ¶¶ 1 ("Defendant Clem caused Mr. Bollea to be secretly videotaped in or about 2006, without his knowledge or consent, while he was engaged in private consensual sexual relations with her in a private bedroom."); 2 ("Mr. Bollea had no knowledge that the intimate activity depicted in the Video was being recorded."); 3 (referring to "Clem's secret recording of Mr. Bollea naked and engaged in private consensual sexual activity"); 5 ("Clem violated Mr. Bollea's rights by participating in the secret recording of Mr. Bollea naked and engaged in private sexual activity in a private bedroom."); 26 ("Mr. Bollea understood, believed and expected that the sexual activities in which he and Clem engaged in her private bedroom were completely private and would not be viewed by any other persons."); 27 ("[B]ased on the actions of Clem and others, [the Gawker Defendants] obtained a copy of the secretly-filmed recording depicting Mr. Bollea naked and engaged in sexual relations with Clem."); and 29 ("At no time prior to, during, or after the private consensual sexual encounter between Mr. Bollea and Clem did Mr. Bollea ever authorize or consent to any person or entity recording the private, intimate acts depicted in the Video . . . .").[1] The allegations against Ms.

---

[1] Just as Ms. Cole incorporates the First Amendment grounds in support of dismissal that were argued in the Gawker Defendants' Motion to Dismiss (Dkt. 10), Mr. Bollea incorporates, as if fully set forth herein, the arguments set forth in Mr. Bollea's Response to the Gawker Defendants' Motion to Dismiss (Dkt. 21), including those arguments in opposition to the First Amendment grounds for dismissal.

2

{BC00028262:1}

Cole are fulsome, detailed, and more than sufficient to withstand a Motion to Dismiss for Failure to State a Claim as to each of Mr. Bollea's causes of action against Ms. Cole.

*Second*, Ms. Cole's contention that the torts of "Invasion of Privacy by Intrusion Upon Seclusion" and "Publication of Private Facts" are somehow no longer viable under Florida law is plain wrong. *See, e.g., Agency for Health Care Admin. v. Associated Indus. of Fla., Inc.,* 678 So.2d 1239, 1252 n. 20 (Fla.1996), *cert. denied,* ___ U.S. ___, 117 S.Ct. 1245, 137 L.Ed.2d 327 (1997); *Loft v. Fuller,* 408 So.2d 619, 622 (Fla. 4th DCA 1981).

*Third*, secretly taping Mr. Bollea in a private bedroom, naked, engaging in intimate sexual acts, and then participating in the unauthorized distribution of that video—resulting in millions of people viewing the video—is outrageous conduct of the sort that rises to the level of supporting an action for intentional infliction of emotional distress. *See, e.g., Kastritis v. City of Daytona Beach Shores,* 835 F. Supp. 2d 1200, 1226 (M.D. Fla. 2011). At the very least, it is a question that cannot be decided before Mr. Bollea is able to take discovery on the issue. *See Williams v. City of Minneola,* 575 So. 2d 683, 692 (Fla. 5th DCA 1991) ("[W]here significant facts are disputed, or where differing inferences could reasonably be derived from undisputed facts, the question of outrageousness is for the jury to decide.").

*Fourth*, Florida's "impact rule" only applies to bar plaintiffs from seeking **damages** for emotional distress in negligence actions. *See R.J. v. Humana of Florida, Inc.,* 652 So. 2d 360 (Fla. 1995). The "impact rule" does not bar **injunctive** relief, which is what Mr. Bollea seeks as to this cause of action.

*Fifth*, Mr. Bollea alleges that oral communications were recorded and published. *See* Compl. ¶ 1 (referring to the "secretly-taped video and **audio footage**") (emphasis added). Ms. Cole's assertions to the contrary are without merit.

3

{BC00028262:1}

## II. STANDARD OF REVIEW

On a motion to dismiss, a court must accept as true all of the allegations in the complaint and construe them in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard on a Rule 12(b)(6) motion is not whether the plaintiff ultimately will prevail in his theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." (internal citation omitted)).

## III. ARGUMENT

Mr. Bollea's complaint alleges that Ms. Cole lured Mr. Bollea into her private bedroom, caused him to become naked, engaged in private sexual relations with him, including oral sex and sexual intercourse, and secretly taped him engaging in these private, intimate affairs without his permission or knowledge. Ms. Cole then caused the video to be distributed to third parties, including Gawker Media—again, without Mr. Bollea's knowledge or permission—resulting in millions of people across the globe watching what should have been (and was thought by Mr. Bollea to be) an intimate, private encounter. Ms. Cole now asserts that such allegations are insufficient to support a claim for relief against her. She is wrong.

### A. Florida Recognizes the Common Law Torts of Intrusion Upon Seclusion and Publication of Private Facts

While Ms. Cole is correct that Florida no longer recognizes a cause of action for **false light**, she is plainly incorrect in claiming that Florida does not recognize the two invasion of privacy torts asserted by Mr. Bollea here—namely, intrusion upon seclusion and disclosure of private facts. The tort of invasion of privacy has a long history in Florida. It was first recognized by the Florida Supreme Court in 1944 in *Cason v. Baskin,* 155 Fla. 198, 20 So.2d 243 (1944), and was subsequently found to include both intrusion upon seclusion, and disclosure of private facts. *See, e.g., Agency for Health Care Admin.,* 678 So.2d at 1252 n. 20; *Loft v. Fuller,* 408 So.2d at 622. These cases are still good law.

Indeed, Ms. Cole's authority for her bogus claim is entirely inapposite to her argument. The Florida Supreme Court, in *Jews for Jesus, Inc. v. Rapp*, rejects the tort of false light due to the "significant and substantial overlap between false light and defamation"—a rationale that can have no applicability to the torts of intrusion upon seclusion and disclosure of private facts. 997 So. 2d 1098, 1113 (2008). In fact, the Court expressly recognized the continuing vitality of the other invasion of privacy torts by "acknowledge[ing] that it is [the Court's] duty to ensure the 'protection of the individual in the enjoyment of all of his inherent and essential rights and to afford a legal remedy for their invasion.'" *Id.* at 1114 (quoting *Cason,* 20 So.2d at 250).

Ms. Cole's citation to *The Florida Star v. B.J.F.*, 491 U.S. 524 (1989), case is equally misplaced. As an initial matter, Ms. Cole cites to the **dissenting opinion** to support her argument that *The Florida Star* decision "obliterated the tort of publication of private facts." Mot. at 3 (citing *The Florida Star*, 491 U.S. at 500). However, in the words of the majority—and controlling—opinion, "[o]ur holding today is limited. We do not hold that truthful publication is automatically constitutionally protected, or that there is no zone of personal

5

{BC00028262:1}

privacy within which the State may protect the individual from intrusion by the press, or even that a State may never punish publication of the name of a victim of a sexual offense." *Id.* at 541. This case bears no resemblance to the facts presented in *The Florida Star*. And, for those reasons stated more fully at Mr. Bollea's Response to Defendant Gawker's Motion to Dismiss, is not applicable to the cause of action brought by Mr. Bollea in this case. *See* Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. 21) at 13 n.8.

### B. Mr. Bollea's Allegations Against Ms. Cole are Sufficiently Outrageous to Support a Cause of Action for Intentional Infliction of Emotional Distress

"In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) deliberate or reckless infliction of mental suffering by defendant, (2) by outrageous conduct, (3) which conduct of the defendant must have caused the suffering, and (4) the suffering must have been severe." *Nickerson v. HSNi, LLC*, No. 8:11-cv-538-T-27AEP, 2011 WL 3584366, *2 (M.D. Fla. Aug. 15, 2011) (Whittemore, J.). Mr. Bollea adequately alleges each of these four elements:

> 1. **Element 1: Ms. Cole deliberately and recklessly engaged Mr. Bollea in intimate sexual relations, secretly videotaped their encounter, and caused the distribution of that videotape to third parties without Mr. Bollea's permission or knowledge.**

Mr. Bollea alleges that Ms. Cole engaged in "private **consensual** sex" with him (FAC ¶ 26 (emphasis added)), "**participat[ed]**" in the secret recording of Mr. Bollea naked and engaged in private sexual activity in a private bedroom" (*id.* ¶ 5 (emphasis added)), and "based on [Ms. Cole's] **actions**," the Gawker Defendants "obtained a copy of the secretly-filmed recording" (*id.* ¶ 27 (emphasis added)). Mr. Bollea also alleges that Ms. Cole "**acted intentionally** and unreasonably in **creating** the secretly-filmed video and audio footage and **causing** it to be disseminated to third parties when she knew or should have known that Plaintiff's emotional

6

{BC00028262:1}

distress would likely result." *Id.* ¶ 86 (emphasis added). The foregoing allegations of intentional conduct satisfy the first element of Mr. Bollea's intentional infliction of emotional distress claim.

### 2. Element 2: Ms. Cole's conduct was outrageous and analogous to the conduct alleged in *Kastritis v. City of Daytona Beach Shores*, 835 F. Supp. 2d 1200 (M.D. Fla. 2011).

In the face of allegations that Ms. Cole engaged in sexual relations with Mr. Bollea, so that she could secretly videotape their affair, without his permission, and then caused the video to be distributed to media outlets, resulting in the videotape being viewed by millions of people all over the world, Ms. Cole attempts to argue that her conduct was not sufficiently outrageous as a matter of law to support Mr. Bollea's intentional infliction of emotional distress claim against her. Ms. Cole's attempt should fail for at least the following reasons.

First, Ms. Cole's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985) (quoting Section 46, Restatement (Second) of Torts).

Second, the Middle District of Florida has held, in a case with analogous facts, that "a reasonable fact finder could conclude that invading someone's bodily privacy, in a public setting, in the presence of members of the opposite sex, without legal justification, is outrageous." *Kastritis*, 835 F. Supp. 2d at 1226 (conducting strip search of exotic dancers in public place). It is important that this Court has already found that a fact situation similar to the one presented here was outrageous.[2] Mr. Bollea submits that the facts here are even more egregious than those

---

[2] *See Nickerson*, 2011 WL 3584366, *2 (Judge Whittemore did not hold that certain conduct was outrageous because the plaintiff did not cite to any cases with similar facts where a court held the conduct to be outrageous).

7

in *Kastritis* where the injury was contained to one isolated event. Here, Mr. Bollea's injury is ongoing—the video continues to be distributed and watched by total strangers.

Third, "[t]he viability of a claim for intentional infliction of emotional distress is highly fact-dependent and turns on the sum of the allegations in the specific case at bar." *Johnson v. Thigpen*, 788 So. 2d 410, 413 (Fla. 1st DCA 2001) (citing *Watson v. Bally Mfg. Corp.*, 844 F. Supp. 1533, 1537 (S.D. Fla. 1993)). "[W]here significant facts are disputed, or where differing inferences could reasonably be derived from undisputed facts, the question of outrageousness is for the **jury to decide**." *Williams*, 575 So. 2d at 692 (emphasis added). Based on the facts alleged, Mr. Bollea should—at minimum—be allowed to engage in discovery to learn the full extent of Ms. Cole's outrageous conduct before that conduct is measured by the Court as a matter of law. For example, if evidence, such as emails or witness testimony, reveals that Ms. Cole **intended to profit** from a scheme to seduce Mr. Bollea and secretly videotape their sexual encounter, and then sell the footage to Gawker or others, then that information would be highly important for the **jury's** determination of outrageousness.

> 3. **Elements 3 & 4: Ms. Cole's outrageous conduct caused Mr. Bollea to endure severe suffering in the form of substantial monetary damages and emotional distress.**

Mr. Bollea alleges that Ms. Cole's wrongful and outrageous conduct caused him suffering in the following severe and numerous ways:

- Damages to Mr. Bollea's personal and professional reputation and career;
- Substantial injury damage, loss, harm;
- Anxiety;
- Embarrassment;
- Humiliation;

- Shame; and

- Severe emotional distress.

*See, e.g.*, FAC ¶ 92.

Mr. Bollea adequately alleges facts sufficient to support each of the elements of his intentional infliction of emotional distress claim against Ms. Cole. As such, Ms. Cole's motion to dismiss that claim should be denied.

### C. Florida's "Impact Rule" Does Not Apply Where Plaintiff Does Not Seek Damages

Mr. Bollea does not seek damages in connection with his negligent infliction of emotional distress claim. Mr. Bollea exclusively seeks injunctive relief for this cause of action. FAC ¶ 99. This is critical. While Florida's "impact rule" may bar a plaintiff from recovering **damages** for his emotional distress that is caused by another's negligence, where that distress does not flow from a physical injury, the rule does not bar a plaintiff from seeking **injunctive relief** based on that claim. *See, e.g., S. Baptist Hosp. of Florida, Inc. v. Welker*, 908 So. 2d 317, 320 (Fla. 2005) ("[B]efore a plaintiff can recover **damages** for emotional distress caused by the negligence of another, the emotional distress must flow from physical injuries the plaintiff sustained in an impact." (emphasis added) (internal citations and quotations omitted)). Accordingly, Ms. Cole's motion to dismiss this claim should be denied.

### D. Mr. Bollea Alleges that Oral Communications were Recorded or Published, Satisfying Section 934.10

Ms. Cole seeks to have Mr. Bollea's eighth cause of action for violation of Florida Statute § 934.10 dismissed for failure to allege "that any oral communications were recorded or were published." Mot. at 5. However, Mr. Bollea expressly alleges that Ms. Cole "creat[ed] the secretly-filmed video **and audio footage** and caus[ed] it to be disseminated to third parties."

9

{BC00028262:1}

FAC ¶ 86 (emphasis added). Therefore, Ms. Cole's motion to dismiss on this ground should be denied.

## IV. CONCLUSION

For the foregoing reasons, plaintiff Terry Bollea respectfully requests that Heather Cole's Motion to Dismiss (Dkt. 22) be denied in its entirety. If the Court finds that any portion of the motion should be granted, Mr. Bollea respectfully seeks leave to amend his First Amended Complaint to correct any deficiencies pursuant to Federal Rule of Civil Procedure 15(a).

Dated: February 8, 2013

Respectfully submitted,

/s/ Kenneth G. Turkel
Kenneth G. Turkel
Florida Bar No.: 0867233
Email: kturkel@bajocuva.com
Christina K. Ramirez
Florida Bar No.: 0954497
Email: cramirez@bajocuva.com
BAJO CUVA COHEN & TURKEL, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax:(813) 443-2193

Charles J. Harder
Email: CHarder@HMAfirm.com
Harder Mirell & Abrams LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067
Tel: (424) 203-1600
Fax: (424) 203-1601

**Attorneys for Terry Gene Bollea**

{BC00028262:1}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all persons registered to receive notice via the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

/s/ Kenneth G. Turkel
Attorney