UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TERRY GENE BOLLEA, professionally known as HULK HOGAN,<br><br>Plaintiff,<br><br>vs.<br><br>HEATHER CLEM; GAWKER MEDIA, LLC aka GAWKER MEDIA; GAWKER MEDIA GROUP, INC. aka GAWKER MEDIA; GAWKER ENTERTAINMENT, LLC; GAWKER TECHNOLOGY, LLC; GAWKER SALES, LLC; NICK DENTON; A.J. DAULERIO; KATE BENNERT, and BLOGWIRE HUNGARY SZELLEMI ALKOTAST HASZNOSITO KFT aka GAWKER MEDIA,<br><br>Defendants. | Case No. 8:13-cv-1-T-27AEP |

## PLAINTIFF'S MOTION FOR LEAVE TO REPLY

Plaintiff Terry Gene Bollea, professionally known as "Hulk Hogan" ("Bollea" or "Plaintiff"), hereby requests, pursuant to Local Rule 3.01(c) and (d), leave to file a reply memorandum not to exceed 15 pages to Defendant Gawker Media, LLC's ("Gawker" or "Defendant") Opposition to Plaintiff's Motion for Remand (Dkt. 24) and in support states:

1. On January 2, 2013, Gawker filed its Notice of Removal (Dkt. 1) asserting both diversity of citizenship and federal question jurisdiction.

2. On January 22, 2013, Bollea filed his Motion for Remand (Dkt. 20) based on a lack of either diversity of citizenship or federal question jurisdiction.

1

{BC00028277:1}

3. On February 8, 2013, Gawker filed its Opposition to Plaintiff's Motion for Remand (Dkt. 24).

4. Bollea now seeks leave to file a Reply in order to:

- Address issues not raised initially as a basis for removal in Gawker's Notice of Removal and, consequently, not addressed in Bollea's Motion for Remand including Gawker's assertion that Heather Clem has been fraudulently misjoined because there are no viable claims alleged against Heather Clem and Gawker's assertion that Bollea did not properly serve Heather Clem and, accordingly, her consent to removal is not required.

- Address and distinguish points and authorities cited by Gawker in support of its assertions of fraudulent misjoinder, federal question jurisdiction and the necessity of Heather Clem's consent. For example, Bollea seeks the opportunity to distinguish the case law cited in support of Gawker's argument that the defendants are successive rather than joint tortfeasors; the case law cited regarding a federal question being alleged on the face of the complaint and Gawker's gross misrepresentations regarding the same, including "[Plaintiff] further concedes that his Complaint expressly seeks to vindicate the 'rights of privacy as recognized under the United States Constitution'"[1]; case law cited in support of Gawker's contention that Bollea has alleged a copyright claim and that

---

[1] *See* Gawker's Opposition, Dkt. 24 at p. 10. Plaintiff made no such concession in his Motion for Remand and vigorously argued to the contrary. A review of Plaintiff's Motion for Remand at page 13, cited by Gawker in support of this alleged concession, reveals that Plaintiff simply recites the language from the Complaint that Gawker contends asserts a federal cause of action and argues that this language "do[es] not confer federal question jurisdiction." Motion for Remand, Dkt. 20 at p.13.

2

{BC00028277:1}

the complete preemption doctrine mandates removal of the case; and case law cited regarding the issue of Heather Clem's consent.

5. Bollea does not seek to respond to Gawker's inflammatory allegations or assertions that are irrelevant to this Court's determination of jurisdiction and remand. *See, e.g.,* Gawker's Opposition, Dkt. 24 at n.1 & 4.

### Memorandum of Law

Reply briefs are warranted to rebut any new law or facts contained in the oppositions' response or when the opposing party has misstated law or facts. *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011); *Ottaviano v. Nautilus Ins. Co.*, 2009 WL 425976, at * 1 (M.D. Fla. Feb. 19, 2009)(finding movant's assertion that defendant has misstated the facts and that defendant's case law should not be applied to the facts of the case warranted the filing of a reply memorandum). Plaintiff submits that a Reply is necessary to allow him to address newly-cited case law and issues contained in Gawker's Opposition to Plaintiff's Motion for Remand.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff leave to file a Reply of no more than 15 pages.[2] Plaintiff is able to file such a Reply within 14 days of any Order granting such leave, or sooner, if directed by the Court.

### RULE 3.01(g) CONFERENCE

Pursuant to Local Rule 3.01(g), Plaintiff's counsel has consulted with opposing counsel regarding this motion. Gawker objects to the relief sought herein, and Heather Clem has no objection to the relief sought herein.

---

[2] Plaintiff, well-aware that leave to reply and the length of such reply is at the sole discretion of the Court, submits that 15 pages is necessary to allow Plaintiff to adequately respond to the numerous arguments and cases cited by Gawker.

3

{BC00028277:1}

Dated: February 12, 2013             Respectfully submitted,

/s/ *Christina K. Ramirez*
Kenneth G. Turkel
Florida Bar No.: 0867233
Email: kturkel@bajocuva.com
Christina K. Ramirez
Florida Bar No.: 0954497
Email: cramirez@bajocuva.com
BAJO CUVA COHEN & TURKEL, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax:(813) 443-2193

Charles J. Harder
Email: CHarder@HMAfirm.com
Harder Mirell & Abrams LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067
Tel: (424) 203-1600
Fax: (424) 203-1601
**Attorneys for Terry Gene Bollea**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all persons registered to receive notice via the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

                         /s/ *Christina K. Ramirez*
                         Attorney