UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TERRY GENE BOLLEA, professionally known as HULK HOGAN, <br><br> Plaintiff, <br><br> vs. <br><br> HEATHER CLEM; GAWKER MEDIA, LLC aka GAWKER MEDIA; GAWKER MEDIA GROUP, INC. aka GAWKER MEDIA; GAWKER ENTERTAINMENT, LLC; GAWKER TECHNOLOGY, LLC; GAWKER SALES, LLC; NICK DENTON; A.J. DAULERIO; KATE BENNERT, and BLOGWIRE HUNGARY SZELLEMI ALKOTAST HASZNOSITO KFT aka GAWKER MEDIA, <br><br> Defendants. | Case No. 8:13-cv-1-T-27AEP |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

Notwithstanding all the rhetoric, disingenuous mudslinging, and citation to over 45 cases packed into 24 footnotes, Defendant Gawker Media, LLC ("Gawker" or "Defendant") cannot escape the fact that federal courts are courts of limited jurisdiction, and that this Court lacks subject matter jurisdiction, as follows:

*First*, Plaintiff Terry Gene Bollea, professionally known as "Hulk Hogan" ("Mr. Bollea" or the "Plaintiff") is a citizen of Florida. Defendant Heather Clem (also known as Heather Cole) ("Ms. Clem") is also a citizen of Florida. There is not complete diversity between the parties and, as such, there is no diversity jurisdiction.

*Second*, Plaintiff, as the master of his complaint, asserts no federal causes of action and no substantial federal questions are implicated by his causes of action. As such, there is no federal question jurisdiction.

1

{BC00029267:1}

*Third*, Gawker did not obtain Ms. Clem's consent to its removal and, as such, Gawker's removal was procedurally defective.

*Finally*, Gawker's apparent need to resort to accusatory statements and hyperbolic rhetoric to support its arguments against remand further shows desperation on the part of Gawker because its position is not supported by the law. *See, e.g.*, Opp. (Dkt. 24) at 1 (accusing Plaintiff of "blatant fraudulent joinder," "utterly mischaracterize[ing]" his claims, and "misstat[ing] applicable law"); n.1 (accusing Plaintiff of making "material misstatements"); and 12 (accusing Plaintiff of making "demonstrably false" assertions that "extend beyond the bounds of permissible advocacy"). These accusations are without merit, are irrelevant to the matter before this Court, and lack professionalism.

For the foregoing reasons, and those explained more fully herein and at Plaintiff's Motion to Remand (Dkt. 20) ("Mtn."), Plaintiff respectfully requests that the Court remand this case back to the Sixth Judicial Circuit Court in and for Pinellas County, Florida.

## ARGUMENT

### I. The Court Lacks Diversity Jurisdiction

Gawker contends that there is diversity jurisdiction over Plaintiff's claims because Ms. Clem was fraudulently joined or misjoined to Plaintiff's claims against Gawker. Not so. There are three situations where a court will find that joinder was fraudulent: (i) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant;" (ii) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts;" and (iii) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). None of those situations is present here.[1]

---

[1] Gawker does not contend that there was outright fraud in the pleading of jurisdictional facts so the second situation is not addressed here.

### A. Plaintiff's Claims Against Heather Clem Are Viable and Arguments to the Contrary Are Disingenuous

Plaintiff was the victim of an elaborate set-up put into place by Heather Clem, who secretly filmed Plaintiff in compromising, private, and intimate sexual relations with her without Plaintiff's knowledge or permission. Ms. Clem then caused that video to be disseminated to Gawker, which posted the private video to millions of viewers worldwide without Plaintiff's permission. In the face of Ms. Clem's egregious conduct, and for the first time in its opposition to Plaintiff's Motion to Remand, Gawker makes the argument that Plaintiff's joinder of Ms. Clem was fraudulent because Plaintiff has no viable cause of action against her. This argument is disingenuous, at best.

First, Plaintiff's claims against Ms. Clem are not time-barred. Each of Plaintiff's causes of action against Ms. Clem concern her unauthorized videotaping of Plaintiff **coupled with her unauthorized distribution of that video.** *See* First Am. Compl. (Dkt. 2) at ¶ 39 ("Clem further violated Plaintiff's rights of privacy by **disclosing the secretly-filmed video to third parties**, which then resulted in excerpts of the secretly-filmed video being posted on the Gawker site."); ¶ 50 ("Clem **disclosed or caused to be disclosed to third parties** the contents of the secretly-filmed video . . . ."); ¶ 86 ("Clem acted intentionally and unreasonably in creating the secretly-filmed video and audio footage and **causing it to be disseminated to third partie**s . . . ."); ¶ 95 ("Defendants acted negligently and unreasonably in creating the Video and **causing it to be disseminated to third parties.**"); and ¶ 102 ("Defendants violated Plaintiff's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into Plaintiff's privacy and the **publication, and dissemination of the secretly-filmed Video . . . ."**). The publication and dissemination of the video, which occurred the same month that Plaintiff filed his complaint against Ms. Clem (in October 2012), is conduct falling well within the applicable statute of limitations.

Second, Plaintiffs' allegations supporting his causes of action against Ms. Clem are sufficient to survive a motion to dismiss. And they are certainly sufficient to satisfy the standard

3

for purposes of fraudulent joinder. "'If there is **even a possibility** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court **must find that the joinder was proper and remand the case to the state court**.' The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a **possibility** of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis added) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)) (internal citations omitted). Plaintiff's claims against Ms. Clem are well-supported and unquestionably have the **possibility** of stating a valid cause of action.

### B. Plaintiff's Claims Against Heather Clem and Gawker Satisfy the Two-Part Test for Rule 20 Joinder

The third situation where a court may find fraudulent joinder is referred to as fraudulent misjoinder, or improper joinder under Rule 20. "Joinder of defendants under Rule 20 requires: (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). Gawker principally argues that Plaintiff's claims against Ms. Clem were misjoined because Ms. Clem and Gawker cannot be said to be "joint tortfeasors," thereby failing to satisfy the first prong of Rule 20's two-part test. However, the cases cited by Gawker are off point and inapposite. *See* Mot. at 9–11 (distinguishing cases). *See also Davis v. Cassidy*, No. 11-1563, 2011 WL 6180054 (E.D. La. Dec. 13, 2011) (concerning two separate and unrelated car accidents); *D'Amario v. Ford Motor Co.*, 806 So. 2d 424 (Fla. 2001) (not a Rule 20 joinder case and concerns the particular issue of "crashworthiness" cases); *Boehner v. McDermott*, 191 F.3d 463 (D.C. Cir. 1999) (the claims for interception and dissemination were brought by different plaintiffs and Court makes no discussion of legal significance that those cases were brought separately); *Bartnicki v. Vopper*, 532 U.S. 514 (2001) (not a Rule 20 joinder case); *Hughes v. Sears, Roebuck and Co.*, No. 2:09-CV-93, 2009 WL 2877424 (N.D. W.Va. Sept. 3, 2009)

(claims against one defendant involved products liability; claims against the other involved medical malpractice); *Lopez v. Sturdivant*, No. 4:10CV55TSL-JCS, 2010 WL 3121750 (S.D. Miss. Aug. 6, 2010) (claims against one defendant involved underlying incident; claims against the other involved insurance coverage); *Nsight Techs., LLC v. Fed. Ins. Co.*, No. 3:09-cv-6-WHB-LRA, 2009 WL 1106868 (S.D. Miss. Apr. 23, 2009) (same). In fact, a key point in *Stone v. Zimmer, Inc.*, No. 09-80252-CIV, 2009 WL 1809990, at *4 (S.D. Fla. June 25, 2009), a case on which Gawker heavily relies, is that "[a]ny liability that may be found against [one defendant] or [another defendant] would not be a basis for liability as to the other, and separate liability as to each could be found." This cannot be said about the claims against Ms. Clem and Gawker. For instance, if it is ultimately found that the secretly-taped video is not a legitimate matter of public concern, then that finding can form the basis for liability as to **both** Ms. Clem and Gawker.[2]

Moreover, there are common questions of law and fact between the claims. For example:

- Whether the dissemination of the secretly-filmed video depicting private sexual acts is highly offensive and objectionable to a reasonable person of ordinary sensibilities;

- Whether the secretly-filmed video itself, and not the fact of its existence, is a legitimate matter of public concern; and

- Whether Gawker and Ms. Clem knew or should have known that the secretly-filmed video contained private and confidential information such that Plaintiff had a reasonable expectation of privacy.

Indeed, Gawker concedes that Plaintiff satisfies the second prong of Rule 20 joinder, albeit begrudgingly. Opp. at 5 (admitting that the "two sets of claims" are "connected by the Video and certain related legal issues"). Accordingly, there is no diversity jurisdiction, and Plaintiff's motion to remand should be granted.

---

[2] Gawker's characterization of the holding in *Oppenheim v. I.C. Sys., Inc.*, 695 F. Supp. 2d 1303, (M.D. Fla. 2010), at page 7 of its Opposition, is incorrect. In that case, the Court disagreed with the defendant's argument that a plaintiff could not support an intrusion upon seclusion claim where there was no allegation of subsequent publication of the information. The Court did not, however, find that an intrusion claim cannot include an element of subsequent publication. *See id.* at 1308–09 ("Even though publication is not required, the focus of the tort is nonetheless the right of a private person to be free from public gaze.").

II. **This Court Does Not Have Federal Question Jurisdiction Over Plaintiff's Claims**

A. **Mere Reference to the U.S. Constitution Generally, Without More, Is Insufficient to Confer Federal Question Jurisdiction**

To support its argument that Plaintiff's complaint raises a federal question on its face, Gawker claims that "Plaintiff's Complaint *repeatedly* and expressly references the U.S. Constitution." Opp. at 12 (citing to Am. Compl. ¶¶ 6, 38, and 67). Not so. Paragraph 6 does not refer—expressly or otherwise—to the **United States** Constitution. Am. Compl. ¶ 6 ("Defendants' malicious conduct violates Plaintiff's **constitutional** and common law privacy rights and publicity rights, and exceeds all bounds of human decency."). Paragraphs 38 and 67 refer to Plaintiff's invasion of privacy by intrusion upon seclusion claims against Heather Clem and Gawker, respectively. As Plaintiff explained in his Motion to Remand, his use of the word "constitutional" in the above quoted sentence was not intended to—nor does it—raise a federal question. *See* Mtn. (Dkt. 20) at 13–15 (citing cases holding that a passing reference to federal law, including the U.S. Constitution, within a state law cause of action, as here, is not sufficient to support removal based on federal question jurisdiction). Gawker engages in liberal use of emphasis and rhetoric, rather than citation to law, in an effort to persuade this Court to rule against the wealth of authorities on this point. Its vigorous argument, however, ultimately lacks merit.

B. **A Federal Defense to a State Law Cause of Action Does Not Create Federal Question Jurisdiction**

Gawker spends a substantial amount of space in its Opposition referring to places in court filings in the prior action where Plaintiff cited to the U.S. Constitution or any of its clauses or amendments. *See* Opp. at 12–15. In so doing, Gawker urges this Court to look outside Plaintiff's complaint and find that "the Due Process Clause of the United States Constitution [is] at the center of his claims," even though Plaintiff never once mentions the Due Process Clause by name or implication in his complaint. Opp. at 12–13. However, "the question [of] whether a

6

claim 'arises under' federal law must be determined by reference to the 'well-pleaded **complaint**,'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal citations omitted) (emphasis added), and not other court documents, filed in previous cases, or in response to motions to dismiss in which the **defendant** raises a federal affirmative defense to the state law cause of action.

Gawker's cited authority for urging the Court to disregard the well-pleaded complaint rule, and look beyond Plaintiff's complaint to determine whether there is federal jurisdiction, is not applicable here. Opp. at 14, n.17. The holdings in *Vaden v. Discovery Bank*, 556 U.S. 49 (2009) and *Community State Bank v. Strong*, 651 F.3d 1241 (11th Cir. 2011) are limited to the unique situation presented by a Section 4 arbitration petition. *Peters v. Union Pacific R. Co.*, 80 F.3d 257 (8th Cir. 1996) deals with federal question jurisdiction in the context of the complete preemption doctrine, which, by its nature, does not adhere to the well-pleaded complaint rule and is not implicated by Gawker's Due Process Clause theory. Finally, in *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 641 n.9 (2006), the majority does not—as Gawker claims—"reject" the dissent's position that "we may not look beyond the label" in evaluating removal jurisdiction. Opp. at 14, n.17. Rather, the majority "take[s] a pass on" the dissent's position, finding that "the result here is the same whether we look near or far." *Kircher*, 547 U.S. at 641 n.9.

Regardless, Plaintiff's references to the U.S. Constitution in **other court documents** are made in response to **Gawker's** invocation of the First Amendment as an affirmative defense to Plaintiff's claims against it. **It has been well-settled by the U.S. Supreme Court that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction."** *Merrell Dow*, 478 U.S. at 808; *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 n.9 (1983) (finding that complaint did not raise a substantial question of federal law sufficient to support federal question jurisdiction and also stating that "[c]ommentators have repeatedly proposed that some mechanism be established to permit removal of cases in which a federal defense may be dispositive . . . [b]ut those proposals have not been adopted"). Gawker's

citation to *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), at page 14 of its Opposition, is inapposite to the situation here. In that case, the **plaintiff**—not the defendant's affirmative defense—"premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law." *Id.* at 314–15. Similarly, in *Country Club Estates, LLC v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir. 2000), the Due Process Clause was raised by the **plaintiff** on the face of the complaint.[3] Plaintiff's citation to *Toffoloni v. LFP Publ'g Grp., LLC*, 572 F.3d 1201 (11th Cir. 2009) and its discussion of the balancing of Constitutional rights in other court documents to defend against Gawker's First Amendment defense is not sufficient to convert Plaintiff's state causes of action into matters within a federal court's jurisdiction.

### C. Plaintiff's Claims Sounding in Right of Privacy Are Not Governed Exclusively by the U.S. Copyright Act

Grasping at straws, Gawker argues that Plaintiff's state law right of privacy claims are somehow exclusively the province of the U.S. Copyright Act. Opp. at 15–18. Specifically, Gawker argues that because Plaintiff's requested relief concerns the "right, title, and interest in and to" and the "transferring, licensing, selling, or offering to sell or license" of a **video**, Plaintiff is "at bottom, request[ing] that the Court determine the original ownership of expression fixed in a tangible medium." Opp. at 15. This theory is quite a stretch and, for those reasons explained in Plaintiff's Motion to Remand, cannot be afforded any credence. Mtn. at 16–18. *See also Brown v. Ames*, 201 F.3d 654, 661 (5th Cir. 2000) (finding no preemption and holding that, "[a]s noted in the legislative history of section 301, Congress was aware of the operation of state law on the **rights of privacy** and publicity, and indicated its intention that such state law causes of action remain"); *Seifer v. PHE, Inc.*, 196 F. Supp. 2d 622, 628 (S.D. Ohio 2002) ("Plaintiff herein has sought to protect her right to control the use of her name and likeness, not to control

---

[3] Gawker's quotation from *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) is taken out of context. The quote was used in the context of discussing the adequacy of the claims for purposes of jurisdiction, and is not, as Gawker suggests, a test for determining whether a substantial federal question is raised by the complaint.

8

{BC00029267:1}

her performance on the [video]. Accordingly, the content of the protected right in Plaintiff's misappropriation claim does not come within the subject matter of copyright. **Plaintiff's state law invasion of privacy claim is not preempted by § 301 of the Copyright Act.**"). But even if the Court were to apply the copyright preemption test to Plaintiff's claims, they are not preempted. In the Eleventh Circuit, "the Copyright Act preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law." *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001). To make this determination, the Eleventh Circuit employs an "extra element" test such that "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created case [sic] of action, then the right does not lie within the general scope of copyright and there is no preemption." *Id.* at 1311–12 (quoting *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001)). Plaintiff's state law right of privacy claims indisputably include a so-called "extra element"—namely, a determination of whether the subject of the video is one of legitimate public concern. Indeed, Gawker cites to no authority finding that a state right of privacy claim was preempted by the U.S. Copyright Act. Accordingly, for this reason as well, Gawker's argument for federal question jurisdiction based on the U.S. Copyright Act should fail.

### III. Heather Clem's Consent to Removal Is Required

Service of Heather Clem was procedurally proper and complete at the time of Gawker's Notice of Removal. Florida Rule of Judicial Administration 2.516(b)(1)(A) states that, "Upon appearing in a proceeding, an attorney must serve a designation of a primary e-mail address and may designate no more than two secondary e-mail addresses. Thereafter, service must be directed to all designated e-mail addresses in that proceeding." Ms. Clem's attorney, however, did not file such designation in the state action. Accordingly, e-mail service of the amended complaint properly complied with the last sentence of the Rule, which provides, "If an attorney does not designate any e-mail address for service, documents may be served on that attorney at

the e-mail address on record with the Florida Bar." *Id.* Ms. Clem's attorney was served at the e-mail address on record with the Florida Bar. As such, Gawker's hyper-technical argument that receipt of the amended complaint by one of Ms. Clem's attorneys, but not all of them, supposedly was insufficient service under Florida Rule of Judicial Administration 2.516(b)(1)(A), is a red herring and without merit. Because Ms. Clem was not fraudulently joined, Gawker needed Ms. Clem's consent to remove to comply with the statutory procedures for removal. Gawker did not acquire that consent and, therefore, its removal was procedurally improper, and remand should be granted.

## CONCLUSION

Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Remand, and remand this case back to the Sixth Judicial Circuit Court in and for Pinellas County, Florida.

Dated: February 27, 2013            Respectfully submitted,

/s/ *Christina K. Ramirez*
Kenneth G. Turkel, Florida Bar No.: 0867233
Email: kturkel@bajocuva.com
Christina K. Ramirez, Florida Bar No.: 0954497
Email: cramirez@bajocuva.com
BAJO CUVA COHEN & TURKEL, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199 / Fax:(813) 443-2193
**Attorneys for Terry Gene Bollea**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all persons registered to receive notice via the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

/s/ *Christina K. Ramirez*
Attorney