UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRY GENE BOLLEA,**

      **Plaintiff,**

vs.                                   **Case No.: 8:13-cv-00001-T-27AEP**

**HEATHER CLEM et al.,**

      **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Remand (Dkt. 20). Defendant Gawker

Media, LLC responded in opposition (Dkt. 24), and Plaintiff replied in support of the motion (Dkt.

28) after leave of court (Dkt. 27).[1] Upon consideration, the motion (Dkt. 20) is GRANTED.

### I.    INTRODUCTION

In 2006, Terry Gene Bollea was secretly videotaped while engaged in private sexual conduct

with Heather Clem (Dkt. 2 ¶ 1). This video was eventually leaked to third-parties and obtained by

the Gawker Defendants (*id.* ¶ 27). In 2012, the Gawker Defendants published excerpts of the video

and a narrative describing the taped activity on its website (*id.* ¶ 28). Upon discovering the video,

Bollea sued Clem and her ex-husband, Todd Alan Clem, in the Circuit Court of the Sixth Judicial

Circuit in and for Pinellas County, Florida (Dkt. 1-1). On December 28, 2012, Bollea filed a First

Amended Complaint dropping Todd Alan Clem as a defendant and adding the Gawker Defendants

---

[1]Gawker's response (Dkt. 24) inexcusably contains extensive substantive footnotes in an apparent effort to circumvent the page limits prescribed by the Local Rules for the Middle District of Florida. Plaintiff's reply also contains multiple substantive footnotes (*see* Dkt. 28 at 2, 5, 8) in violation of the Court order that the reply "shall not contain substantive footnotes" (Dkt. 27).

(Dkt. 2). Gawker Media, LLC promptly removed the case, premising jurisdiction on the fraudulent misjoinder of Heather Clem and federal questions arising under the United States Constitution and the United States Copyright Act (Dkt. 1). Bollea now seeks to remand the case back to state court (Dkt. 20).

## II.   STANDARD

Removal jurisdiction is determined "based on the plaintiff's pleadings at the time of removal." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction, *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012), and the plaintiff's factual allegations are taken in the light most favorable to the plaintiff. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011). If removal is based on diversity of citizenship, the defendant has the burden of demonstrating complete diversity. *See* 28 U.S.C. § 1332(a); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). All doubts about jurisdiction are resolved in favor of remand, *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006), and any uncertainties about state substantive law are resolved in the plaintiff's favor. *Stillwell*, 663 F.3d at 1333.

## III.   DISCUSSION

### A.   The Court Does Not Have Diversity Jurisdiction Because Heather Clem Is Not Fraudulently Joined.

Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. §

2

1332(a)(1). An action filed in state court meeting this criteria may be removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a). After a diversity case is removed, it must be remanded to state court if there is not complete diversity of citizenship among the parties. *Stillwell*, 663 F.3d at 1332. However, when a plaintiff names a non-diverse defendant solely in order to defeat diversity jurisdiction, the non-diverse defendant is fraudulently joined and the district court must "ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

Although Bollea and Heather Clem are both Florida citizens, Gawker removed this case based on Bollea's allegedly fraudulent joinder of Heather Clem in this action. To establish fraudulent joinder, Gawker has the "heavy" burden of "proving by clear and convincing evidence" that (1) there is no possibility that Bollea can establish a cause of action against Heather Clem, (2) Bollea has fraudulently pled jurisdictional facts to bring Heather Clem into state court, or (3) Bollea's misjoinder of Heather Clem and Gawker is "so egregious as to constitute fraudulent joinder." *Stillwell*, 663 F.3d at 1332; *Tapscott v. M.S. Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other ground Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

### 1.    *Bollea States a Cause of Action Against Heather Clem.*

Gawker first argues that there is no possibility that Bollea can establish a cause of action against Heather Clem because the applicable statutes of limitations bar all of Bollea's claims. If successful, this argument would establish fraudulent joinder, and the motion to remand would be denied. *See Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) ("[A] statute of limitations defense is properly considered in connection with a fraudulent joinder inquiry."); *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) ("If the time to bring the cause of action had

3

expired, then the district court was correct in dismissing Wright and Knight as fraudulently joined.").

Bollea asserts five causes of action against Heather Clem: (1) invasion of privacy by intrusion upon seclusion, (2) publication of private facts, (3) intentional infliction of emotional distress, (4) negligent infliction of emotional distress, and (5) violation of Section 934.10, *Florida Statutes*.[2] If one of Bollea's claims withstands the statute of limitations inquiry, then Gawker's first argument for fraudulent joinder fails.

Gawker argues that Bollea's claims against Heather Clem "arise almost entirely out of her alleged *recording* of the Video and are therefore time barred" (Dkt. 24 at 3). The First Amended Complaint, however, plainly asserts a claim against Heather Clem for *publication* of the video, as well (*see* Dkt. 2 ¶¶ 39, 50). While the date of recording appears on the face of the First Amended Complaint, there are no allegations concerning the date of Heather Clem's alleged publication that would enable an evaluation of the statute of limitations at this stage. *See Brotherhood of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (dismissal based on a statute of limitations is appropriate only if it is "apparent from the face of the complaint that the claim is time-barred").

At a minimum, therefore, Bollea's publication claim against Heather Clem is not barred by the applicable statute of limitations, and Gawker's argument that Bollea cannot establish a cause of action against Heather Clem fails. *See also Stillwell*, 663 F.3d at 1333 ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state

---

[2]Section 934.10(1) provides "[a]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of ss. 934.03-934.09 shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications . . . ."

4

court." (quotation omitted)).

### 2.    *Heather Clem Is Not Fraudulently Misjoined.*

Gawker also argues that removal is appropriate and diversity jurisdiction exists because Bollea's joinder of Heather Clem is "so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360. This category of fraudulent joinder is often labeled "fraudulent misjoinder." *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1289 (11th Cir. 1998). The doctrine of fraudulent misjoinder applies "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* at 1287. In other words, if Heather Clem has no joint, several, or alternative liability with Gawker, *and* the claim against her has no real connection to the claim against Gawker, then she has been fraudulently misjoined and remand is improper.

Under *Triggs*, if a plaintiff's joinder of defendants satisfies the permissive joinder requirements of Federal Rule of Civil Procedure 20(a)(2), then the parties are not fraudulently misjoined. *Id.* at 1289. Rule 20(a)(2) allows defendants to be joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). To determine whether claims arise from the same "series of transactions or occurrences" under Rule 20(a)(2), courts in the Eleventh Circuit apply the "logical relationship" test. *See Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010 (citing *Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). "Under this test, a logical relationship exists

if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Id.* (citing *Republic Health*, 755 F.2d at 1455). In other words, "there is a logical relationship when 'the same operative facts serve as the basis of both claims.'" *Republic Health*, 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)). "[O]nly claims that do not arise from common operative facts are not logically related." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 n.1 (11th Cir. 1991). The logical relationship standard is a "loose" one that "permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Plant*, 598 F.2d at 1361 (internal quotations omitted). Joinder rules, including Rule 20(a)(2), are construed generously towards "entertaining the broadest possible scope of action consistent with fairness of the parties." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

The claims against Heather Clem and Gawker are "logically related" and rest on the same set of operative facts – namely, the recording and publication of the video. To find otherwise would be to ignore the Eleventh Circuit's directive to interpret Rule 20 "broad[ly]" to "avoid[] a multiplicity of suits." *Plant*, 598 F.2d at 1361. Moreover, questions of law and fact common to Heather Clem and Gawker will undoubtedly arise in this case, including questions concerning the video's chain of custody, Bollea's privacy rights, the applicability and interpretation of Florida's privacy torts, and the Defendants' constitutional defenses. Because Bollea's claims against Heather Clem and Gawker are logically related, they satisfy Rule 20(a)(2), and Gawker has not shown that Bollea's joinder of the Defendants was "egregious."

**B.      The First Amended Complaint Does Not Give Rise to Federal Question Jurisdiction.**

Unable to establish diversity jurisdiction by fraudulent joinder, Gawker must prove that

federal question jurisdiction exists under 28 U.S.C. § 1331. In its notice of removal, Gawker asserts

two bases for federal question jurisdiction. First, Gawker argues that Bollea's claims of invasion of

privacy by intrusion upon seclusion "aris[e] under the United States Constitution" (Dkt. 1 ¶ 40).

Second, Gawker asserts that Bollea's request for an order "transferring to Plaintiff all of Defendants'

right, title and interest in and to the" video (Dkt. 2 at 24 ¶ 3) is governed exclusively by the United

States Copyright Act (Dkt. 1 ¶ 41).[3] Reading Gawker's Notice of Removal broadly, the second basis

contends that Bollea's claims are completely preempted by the Copyright Act, and that jurisdiction

is proper under 28 U.S.C. §§ 1338 and 1454.

### 1.   *Federal Questions Arising Under the United States Constitution Do Not Appear on the Face of the Complaint.*

Congress has authorized the federal district courts to exercise original jurisdiction in "all civil

actions arising under the Constitution, laws, or treaties of the United States." § 1331. The federal

question at issue "must appear on the face of the plaintiff's well-pleaded complaint." *Cmty. State

Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011). When only state-law claims are asserted in

a complaint, a claim "aris[es] under" federal law if it "necessarily raise[s] a stated federal issue,

actually disputed and substantial, which a federal forum may entertain without disturbing any

congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal

Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). That is, "federal jurisdiction over a

state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3)

substantial, and (4) capable of resolution in the federal court without disrupting the federal-state

---

[3] Any other basis for federal question jurisdiction asserted in Gawker's response (Dkt. 24) but not in the Notice of Removal may not be addressed. *See Campbell v. Am. Tours Int'l, LLC*, 2013 WL 894797, at * 2 (N.D. Cal. Mar. 8, 2013) (citing *Willingham v. Morgan*, 395 U.S. 402, 408 (1969)); Wright & Miller, *Fed. Practice & Procedure: Jurisdiction* § 3733 at 358 (3d ed.) (When the basis for jurisdiction is not raised in the notice of removal, "[c]ompletely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished.").

balance approved by Congress." *Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2013).

  a.  <u>No federal law issues are "necessarily raised" by the First Amended Complaint.</u>

  In *Gunn v. Minton*, the Supreme Court applied this four-factor analysis to determine whether

a state-law legal malpractice claim arose under federal law for the purpose of federal question

jurisdiction. Beginning with the first factor, the Court held that the federal issue was "necessarily

raised" because adjudication of the affirmative claim of legal malpractice required the application

of federal patent law. 133 S. Ct. at 1065. Here, however, adjudication of Bollea's privacy claims do

not require the application or interpretation of federal law. A claim for publication of private facts

requires proof of "1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public

concern." *Spilfogel v. Fox Broadcasting Co.*, 433 Fed. Appx. 724, 725 (11th Cir. 2011) (citing *Cape

Publ'ns, Inc. v. Hitchner*, 549 So. 2d 1374, 1377 (Fla. 1989)).[4] And intrusion upon seclusion requires

the plaintiff to prove the defendant "physically or electronically intrud[ed] into one's private

quarters." *Id.* at 726 (quoting *Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003)).[5]

Neither of these torts requires the application of federal law. A federal issue is therefore not

"necessarily raised" by the First Amended Complaint.

  Gawker's arguments for a contrary conclusion are unpersuasive. It first cites *Country Club

Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001 (8th Cir. 2000), to demonstrate that Bollea's

"complaint quite clearly allege[d] a violation of the federal Constitution at several points," giving

---

  [4] *See Rest. (2d) Torts* § 652D (1976) ("One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public."). The Second Restatement of Tort's formulation of the tort of publication of private facts has been cited approvingly by Florida courts. *See, e.g., Williams v. City of Minneola*, 575 So. 2d 683, 689 n.5 (Fla. 5th DCA 1991).

  [5] *See Rest. (2d) Torts* § 652B (1976) ("One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.").

rise to federal question jurisdiction.

In *Loma Linda*, landowners brought an action in quo warranto against the town, alleging that the court order establishing the town of Loma Linda was invalid because the landowners were not given proper notice in violation of their due process rights under the federal and state constitutions. *Id.* at 1003. The Eighth Circuit held that federal question jurisdiction was appropriate because the plaintiffs' reference to the United States Constitution was "unequivocal." *Id.* "If the Due Process Clause of the Fourteenth Amendment is given one construction, the claim will prevail; if it is given another, the claim will fail." *Id.* This was, the court said, a "paradigm case for arising-under jurisdiction." *Id.*

As opposed to the unequivocal reference to the Constitution in *Loma Linda*, Bollea's references to constitutional privacy are made in passing. His claims do not rise and fall on interpretations of the First, Fifth, or Fourteenth Amendments. Rather, the success of his claims depends on the application of state common law applicable to invasion of privacy torts. The First Amended Complaint, when read as a whole, makes only state law claims. Bollea's passing references to his right to privacy do not "necessarily rais[e]" provisions of the United States Constitution. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (remand to state court is appropriate in a case alleging malpractice, negligence, and breach of contract, even though the plaintiff invoked Eighth Amendment standards in his complaint); *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1064 (6th Cir. 2008) ("A reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or . . . simply supports an element of a state claim."); *Avitts v. Amoco Production Co.*, 53 F.3d 690, 694 (5th Cir. 1995) ("[S]ubject matter jurisdiction cannot be created by simple reference to

federal law.").

Gawker also points to Bollea's assertions in previous litigation as evidence that Bollea's claims arise under the First, Fifth, and Fourteenth Amendments. The basis for a federal court's jurisdiction, however, must appear on the face of the complaint. *Strong*, 651 F.3d at 1251. Bollea's pleadings in previous litigation and other papers in this litigation are therefore irrelevant. *See Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("Jurisdiction is determined by looking to the face of the plaintiffs' well-pleaded complaint . . . .").[6] Bollea's claims simply do not necessarily raise a federal question.

b.      <u>Any federal issues arising out of Bollea's state-law claims are not "substantial."</u>

Even if the First Amended Complaint necessarily raises federal issues, federal question jurisdiction is still defeated because the federal issues referenced in the First Amended Complaint are not "substantial." Substantiality is evaluated by looking to the importance of the issue to the federal system as a whole. *Gunn*, 133 S. Ct. at 1067. Issues that will "change the real-world result" for future cases and future litigants are substantial. *Id.* The two paradigmatic examples of "substantial" federal issues cited in *Gunn* involved the United States Government's "direct interest in the availability of a federal forum to vindicate its own administrative action," and the "constitutional validity of an act of Congress which is directly drawn in question." *Grable*, 545 U.S. at 315; *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 201 (1921); *see Gunn*, 133 S. Ct. at 1066. Those issues of law were "substantial" because they "could be settled once and for all and

---

[6]Gawker also argues that federal jurisdiction is supported by Bollea's previous "argument that *Toffoloni* establishes a federal constitutional privacy right standing on equal footing with the First Amendment" (Dkt. 24 at 14). This argument does not appear on the face of the First Amended Complaint and therefore may not be considered in removal proceedings. In any event, any such argument by Bollea would be in response to a First Amendment defense asserted by Gawker, which, as a matter of law, cannot give rise to a federal question. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 (11th Cir. 2010) (a defense that presents a federal question cannot create removal jurisdiction, even if that defense is valid).

thereafter would govern numerous" cases. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006).

The analysis of substantiality in *Gunn* makes it clear that any federal issues arising from the First Amended Complaint are not "substantial." The federal issues referenced by Bollea do not impact the Government's interest in vindicating its actions or enforcing its laws. Any decision regarding the application of federal law to Bollea's claims will be backward-looking in nature and, while important to Bollea, Clem, and Gawker, will not affect the ability to vindicate crucial constitutional rights in the future or settle issues that would govern numerous cases in the future. *See Gunn*, 133 S. Ct. at 1066 ("Again, the relevant point was not the importance of the question to the parties alone but rather the importance more generally of a determination that the Government securities were issued under an unconstitutional law, and hence of no validity." (internal quotations omitted)). Ultimately, this case "is 'poles apart from *Grable*,' in which a state court's resolution of the federal question 'would be controlling in numerous other cases.'" *Id.* at 1067 (quoting *Empire Healthchoice*, 547 U.S. at 700). Even if this case raises novel First Amendment issues and claims, that fact is insufficient to confer federal question jurisdiction because another federal court will, at some point, have a chance to decide the issue. *See id.* Allowing Florida state courts to resolve this case will not "undermine 'the development of a uniform body of [federal] law.'" *Id.* (quoting *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989)).

In summary, federal issues do not appear on the face of Bollea's First Amended Complaint. Those federal issues that are implied by passing reference to the United States Constitution are not "necessarily raised" or "substantial" and therefore do not confer federal question jurisdiction. There are no federal causes of action asserted, and Bollea's state law privacy torts do not give rise to a

federal question jurisdiction. *See Vurimindi v. Wyeth Pharms.*, 447 Fed. Appx. 426 (3d Cir. 2011) (affirming dismissal of state law claims, including invasion of privacy, for lack of federal question jurisdiction).[7] Bollea is the "master of the claim" and is entitled to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### 2.     *Bollea's Claims Are Not Completely Preempted by the Copyright Act.*

"If a federal question does not appear on the face of the complaint, then the plaintiff's claim arises under federal law only if it 'falls within the special category of federal question jurisdiction created by the doctrine of complete preemption.'" *Strong*, 651 F.3d at 1251 (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005)). The Eleventh Circuit has yet to decide whether the Copyright Act completely preempts related state law claims, although at least four other circuits have held that it does. *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 864 (11th Cir. 2008); *see Santa-Rosa v. Combo Records*, 471 F.3d 224, 226-27 (1st Cir. 2006); *Ritchie v. Williams*, 395 F.3d 283, 285-87 (6th Cir. 2005); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303-05 (2d Cir. 2004); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 230-33 (4th Cir. 1993); *see also Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1289-91, 1293-98 (11th Cir. 2004) (suggesting that the Copyright Act might have complete preemptive effect in some circumstances); *Foley v. Luster*, 249 F.3d 1281, 1287-88 (11th Cir. 2001) (same).

---

[7]*See also Tortora v. City of Shelton Bd. of Fire Comm'rs*, No. 3:12-cv-951 (SRU), 2012 WL 4854694, at *2 (D. Conn. Oct. 11, 2012) (complaint stating claims for (1) defamation; (2) intrusion upon seclusion; (3) false light publicity; (4) intentional infliction of emotional distress; (5) tortious interference with a business relationship; and (6) civil conspiracy did not present a basis for federal question jurisdiction); *Santos v. Knight-Ridder, Inc.*, No. Civ.A.3:04-CV-275-H, 2004 WL 3127629 (W.D. Ky. Dec. 15, 2004) (refusing to exercise federal question jurisdiction over claims for libel, invasion of privacy, and intentional infliction of emotional distress); *Doe v. TCF Bank Ill. FSB*, No. 96 C 4146, 1997 WL 158297 (N.D. Ill. Mar. 31, 1997) (refusing to exercise pendant jurisdiction over claims for public disclosure of private facts and intrusion into seclusion); *Thompson v. Johnson Cnty. Cmty. Coll.*, 930 F. Supp. 501, 508 (D. Kan. 1996) (refusing to exercise supplemental jurisdiction over plaintiff's pendant state law claim for intrusion upon seclusion).

The cases applying the complete preemption doctrine to the Copyright Act ask "(1) whether the particular work falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103 (the subject matter requirement); and (2) whether the claim seeks to vindicate rights that are equivalent to one of the bundle of exclusive rights of a copyright holder protected by 17 U.S.C. § 106 (the general scope requirement)." *Stuart Weitzman*, 542 F.3d at 864 n.5. To satisfy the general scope requirement, the state law claim must involve acts "of reproduction, adaptation, performance, distribution or display." *Briarpatch*, 373 F.3d at 305. The state law claim may not have any "extra elements that make it qualitatively different from a copyright infringement claim." *Id.* To determine whether a claim is qualitatively different, courts look to "what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Id.* at 306 (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)).

In this case, Counts I and II of the First Amended Complaint are qualitatively different than a copyright infringement claim. Even though Bollea seeks to regulate and control the distribution and display of the video, his claims for intrusion upon seclusion and publication of private facts necessarily require proof of separate elements of privacy. Intrusion upon seclusion requires proving the qualitatively different element of "intru[sion] into one's private quarters," and publication of private facts requires a plaintiff to prove the qualitatively different elements of "private facts" and "public concern." *Spilfogel*, 433 Fed. Appx. at 725-26. Copyright infringement actions do not require these additional inquiries, and Bollea's state law claims are therefore qualitatively different from a copyright infringement action. *See Laws v. Sony Music Entm't*, 448 F.3d 1134, 1145 (9th Cir. 2006) ("To be clear, we recognize that not every right of publicity claim is preempted by the Copyright Act.

Our holding does not extinguish common law or statutory rights of privacy, publicity, and trade secrets . . ., so long as those causes of action do not concern the subject matter of copyright and contain qualitatively different elements than those contained in a copyright infringement suit."). *Cf. Computer Assocs.*, 982 F.2d at 717 (claim is qualitatively different if it requires proof of a breach of fiduciary duty); *Harper & Row, Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 201 (2d Cir. 1983) (claim is qualitatively different if it requires proof of possession and control of chattels), *rev'd on other grounds* 471 U.S. 539 (1985). Gawker's argument for complete preemption therefore fails.

### 3. *Removal Is Not Appropriate under 28 U.S.C. §§ 1338 and 1454.*

Title 28, Section 1338(a), of the United States Code grants district courts "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." Section 1454 specifies that claims arising under any Act of Congress relating to copyrights may be removed "by any party." Courts interpret the phrase "arising under" in sections 1331 and 1338(a) identically and "apply the same test to determine whether a case arises under § 1338(a) as under § 1331." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002); *see Gunn*, 133 S. Ct. at 1064. Where a well-pleaded complaint does not assert any claims under federal law, neither § 1331 nor § 1338(a) confers jurisdiction. *See Holmes Group*, 535 U.S. at 830. It has already been determined that the First Amended Complaint does not assert any claims under federal law and there is no federal question jurisdiction under § 1331. *See supra* Section III(B)(1). Accordingly, jurisdiction is also lacking under § 1338.[8]

#### CONCLUSION

Removal provisions are to be construed strictly and all doubts resolved in favor of remand.

---

[8]Because there is no federal question upon which to premise jurisdiction, it need not be determined whether Clem's consent to removal was necessary, and if so, whether she properly consented.

*Miedema*, 450 F.3d at 1328. Gawker has not satisfied its burden of proving that subject-matter jurisdiction exists over the First Amended Complaint, whether based on diversity or federal question jurisdiction. Under the Eleventh Circuit's "loose" joinder standards, Heather Clem is not fraudulently joined. Moreover, no federal questions appear on the face of the First Amended Complaint. Bollea's claims do not arise under the laws of the United States, and his passing references to the United States Constitution are insufficient to confer subject-matter jurisdiction. Nor are his claims preempted by the Copyright Act because they are qualitatively different than claims for copyright infringement. Accordingly,

1) Plaintiff's Motion for Remand (Dkt. 20) is GRANTED.

2) This case is REMANDED to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

3) The Clerk is directed to SEND a certified copy of this order to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, to TERMINATE all pending motions, and to CLOSE the file.

**DONE AND ORDERED** this _27th_ day of March, 2013.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record

15